## *EX PARTE* STOCKMAN.
### *IN RE* HAYS *v.* CITY BANK.

BANKS—INTEREST—DEPOSITS.—Suspension of payment by a bank is notice to depositors that it will not pay their checks on demand, and the bank is liable to general depositors for interest at seven per cent. from date of suspension without formal presentation of checks and refusal to pay. The fact that deposits made under special contract draw a lower rate, does not affect it.

Before TOWNSEND, J., Greenwood, May, 1904. Affirmed.

Andrew C. Stockman intervened by petition in action by Maggie A. Hays against City Bank. From Circuit decree, defendant appeals.

*Messrs. Sheppards & Grier,* for appellant. *Mr. Grier* cites: 37 Henry 8th, chap. 9; Code 1902, 1660; 45 S. C., 567; 25 Ark., 240; 11 Enc., 395, 383; 1 N. & McC., 45; 49 S. C., 450; 38 L. R. A., 118.

*Messrs. Caldwell & Park,* contra, cite: Morse on Banks, 3d ed., sec. 289; 3 Ency., 2 ed., 827; 19 Am. Dec., 418; 2 Bail., 276; 6 Am. Dec., 194; 16 Ency., 2 ed., 1020; 20 Pick., 53; 8 Met., 217; 28 N. H., 391; 121 U. S., 27.

October 5, 1904. The opinion of the Court was delivered by

MR. JUSTICE WOODS. The City Bank of Greenwood, on May 20, 1903, closed its doors and ceased to do business.

A few days afterward a receiver was appointed, who has administered the assets under the order of the Court of Common Pleas, and paid the general depositors in full the amounts due them, but without interest. The Circuit Court subsequently on the petition filed by Andrew C. Stockman, in behalf of himself and other depositors, ordered the receiver to pay interest on the general deposits at the rate of seven per cent. per annum, from May 20, 1903, the date of the bank's suspension. From this order the receiver appeals, alleging error in allowing interest without actual demand for payment, and insisting, further, that even if interest is allowed, it should be only at the lower rate which it was the custom of the bank to contract to pay on certificates issued for time deposits.

The general depositors did not after the suspension actually present checks demanding payment, but in some instances did ask if the checks would be paid, and were informed they would not be. It is admitted no check would have been paid by the bank after suspension.

The debt of a bank to a general depositor is payable on demand, the demand being usually in the form of a check. In the absence of express agreement there is no interest on deposit accounts until demand and refusal. When, however, a bank permanently closes its doors—suspends payment—it expresses its inability and its refusal to pay depositors' checks. This is the recognized business method of indicating the futility of actually presenting the check or making demand in any other way for payment. When the bank thus expresses its refusal to pay any depositor, it would be useless to require each depositor to have the refusal repeated to him. The depositor is, therefore, entitled to interest from the date of suspension as damages for breach of the contract to pay his checks on presentation. *Richmond* v. *Irons,* 121 U. S., 27, 30 L. ed., 864; *Thurston* v. *Bank,* 45 Am. Dec., 382 (N. H.); *Sickles* v. *Herold,* 43 N. E., 852 (N. Y.); 5 Cyc., 569.

The general deposits after suspension being sums of

money ascertained and due, seven per cent. is the rate of interest prescribed by statute. The lower rate paid special depositors by contract cannot affect the right of a depositor who did not choose to make such a contract.

The judgment of this Court is, that the judgment of the Circuit Court be affirmed.