CASE 72.—ACTION BY FRANCIS CLARK'S ADMINISTRATOR AGAINST THE FARMERS' NATIONAL BANK OF RICHMOND, KY., INVOLVING THE OWNERSHIP OF A DEMAND BANK DEPOSIT.—February 7.

# Clark's Adm'r. v. Farmer's Nat. Bank of Richmond, Ky.

Appeal from Madison Circuit Court.

J. M. BENTON, Circuit Judge.

From the judgment plaintiff appeals. Reversed.

1. Executors and Administrators—Death—To Whom Assets Pass. —Money deposited in a bank to the credit of decedent as executor passed to the administrator de bonis non of the estate of which decedent was executor, and not to the executor's administrator.
2. Banks and Banking—Recovery of Deposits.—No cause of action arises for the recovery of a demand bank deposit until demand for and refusal of payment has been made.
3. Same—Interest.—In the absence of a special contract, a demand bank deposit does not bear interest.

R. H. TOMLINSON and BRECKINRIDGE & BRECKINRIDGE, attorneys for appellant.

1. Although under the common law, an executor of an executor became the executor of the first testator, this rule in this State has long since been abrogated by statute, so that even the executor of an executor cannot now administer the estate of the first testator, but an administrator de bonis non must now be appointed for the estate of the first testator. (Ky. Statutes, section 3890.)

Clark's Adm'r v. Farmers' Nat. Bank of Richmond, Ky.

2. The fund in question in this case having been placed to Gregory's credit as executor of Francis Clark, could not have been checked upon by Gregory in his individual capacity, nor could it have been subjected to the payment of Gregory's individual debts.

### AUTHORITIES CITED. ·

Civil Code, sec. 113, sub.-sec. 7; Lucas v. Lucas, Adm'r, 18 Ky. Law Rep., 661; McClure v. Bigstaff, 18 Ky. Law Rep., 606; Blackstone Commentaries, vol. 2, page 506; Maraman v. Trunnell, 3 Met., 146; Jones v. Everman, &c., 15 B. Mon., 631; Schoolfield v. Rudd, 9 B. Mon., 294; 1 Williams on Executors, 656; National Bank v. Insurance Company, 104 U. S., 54; Gary v. Peoples. Nat. Bank, 4 Am. St. Rep., 742.

W. C. BENNETT, attorney for appellee.

1. There is no contention here that an administrator of an executor is entitled to administer upon the estate of the first decedent. But the sole question is as to the right of possession of the money.

2. We insist that an administrator of an executor is entitled to the possession of money which his intestate has collected and held as executor of another decedent.

3. In this case the assets had been administered and converted into money and deposited in bank to the credit of the executor, J. W. Gregory. The title therefore was in J. W. Gregory. True he held it for the benefit of his decedent's estate but the title nevertheless was in him, and upon his death it descended to his personal representative Goodloe.

### LIST OF AUTHORITIES CITED.

Slaughter v. Sloan, 5 Mon. 19; Warfield v. Brank, 13 Bush, 77; Smith v. Potts, 3 Rawle, 361; Graves v. Downey, 3 Mon., 353 (355); Carrick v. Carrick, 8 C. E. Green (N. J.) 364; Louisville & Nashville R. R. Co. v. Brantley's Adm'r, 16 Ky. Law Rep., 691; Perry on Trusts, 5th Edition, sec. 264, 344; Amer. & Eng. Enc. of Law, 2nd Edition, vol. 11, pp. 981, 1341; Woerner, The American Law of Administration, Art. 321, 2nd Edition; Schouler's Executors & Administrators, 2nd Edition, sec. 244, and following; Tomason v. Tomason, 1st Met., 51; Norwell v. Norwell, 2 Green., · (Me.) 75; Prestige v. Prestige, 28 Miss., 379; Cook v. Burton's Heirs, Bush, 64; White's Adm'r v. Carrico's Adm'r, 2 Met., 232; Donaldson v. Lucas, 117 Ind., 139; Slaymaker v. The Farmer's Bank, 103

Pa. St., 616; Sibbs v. Philadelphia Savings Fund Society, 153 Pa. St., 345.

OINION OF THE COURT BY JUDGE BARKER—Reversing.

In 1882, J. W. Gregory, who was then the sole executor of the estate of Francis Clark, deceased, deposited in the Farmers' National Bank of Richmond, Ky., the sum of $500. Afterwards Gregory died, and W. O. Goodloe was appointed and qualified as his administrator. In 1884 Goodloe, as administrator, drew his check on the bank for the sum deposited therein to the credit of his decedent as executor, and the same was paid over to him. Subsequently, in 1904, appellant, W. D. Gregory, was appointed and qualified as administrator de bonis non with the will annexed of Francis Clark, Sr., deceased, and, having demanded of the bank the payment of the $500 theretofore deposited by J. W. Gregory as executor of the estate of his decedent, and payment being refused, he instituted this action. The court overruled a general demurrer of the bank to the petition. Thereupon it filed an answer, controverting some of the allegations of the petition, and pleading, in the second paragraph, the payment of the sum in dispute by W. O. Goodloe, administrator of the estate of J. W. Gregory, deceased. In the third paragraph it pleaded the laches of the plaintiff in instituting this action, and in the fourth pleaded the statute of limitations. The court sustained a general demurrer to the third and fourth paragraphs of the answer, and overruled that to the first and second, the latter of which, as said before, is a plea of payment to the administrator of the executor.

Without discussing in detail the several interesting questions of pleading suggested in the briefs of coun-

sel, it may be said that, as we view this case, there is
but one substantial question on this appeal, and that
is, whether or not the fund involved in this litigation
was an asset in the hands of the administrator of the
executor, or whether it passed, as an unadministered
part of the estate of the original decedent, to the
administrator de bonis non. That it was deposited in
the bank by the exeutor of Clark to his credit as
executor is alleged in the petition. The rule in such
cases is that the assets of a decedent, which have not
been administered, pass and belong to the administra-
tor de bonis non, and not to the administrator of the
administrator. This, as an abstract principle of law,
is not disputed. The practical question is what con-
stitutes the administration of assets, as applied to the
case before us? Undoubtedly, a great many cases
are to be found in the books where the principle is
stated generally that all assets remaining in specie
pass to the administrator de bonis non, whereas the
proceeds of those which have been converted into
money vest in the administrator of the administrator,
and the right of action against him concerning them
vests in the heirs and creditors of the decedent, and
not in his administrator de bonis non. Unquestion-
ably, if in the case before us J. W. Gregory had died
with the sum in dispute in his own possession, min-
gled with his own money, the right to sue for it would
not be in appellant as administrator de bonis non of
Francis Clark, Sr., deceased; but as it was in the
bank, deposited to the credit of Gregory as executor,
it remains to be seen whether or not funds so held
are to be considered as administered or unadminis-
tered assets.

A similar question arose in the case of Maraman
v. Trunnell, 3 Metc. (Ky.) 146, 77 Am. Dec. 167.
There James Caldwell, the administrator of F. Mara-

man, deceased, had taken notes for money due his decedent, payable to himself as administrator, and died without collecting them. Afterwards, an administrator de bonis non of the estate of F. Maraman was appointed, and the question arose whether or not Caldwell's administrator, or the administrator de bonis non, was entitled to maintain an action for the collection of the unpaid notes. It was held that the right of action was in the administrator de bonis non, and it was stated as a well-settled rule that in such cases the administrator of the administrator had no title to property so held, unless his decedent had become entitled to it as creditor of his intestate, or by charging himself with it in settlement of the estate; and, where neither of these conditions existed, the title passed to the administrator de bonis non. In the case of Warfield v. Brand's Admr., 13 Bush (Ky.) 77, the doctrine of Maraman v. Trunnell was approved, and it was held that, while an administrator de bonis non could not recover for the wasting of the decedent's estate by the personal representative, or recover money of the first estate which had become mingled with the assets of the personal representative, yet if he had set apart the money, and kept it separate and in a condition to be identified as the property of the estate, then this property passed to the administrator de bonis non. And in that case Judge Cofer, who wrote for the court, cited with approval the case of Beall v. New Mexico, 83 U. S. 539, 21 L. Ed. 292. In the latter case Mr. Justice Bradley, writing for the Supreme Court of the United States, thus stated the rule: "To the administrator de bonis non is committed only the administration of the goods, chattels, and credits of the deceased which have not yet been administered. He is entitled to all the goods and personal estate which remain in specie. Money

received by the former executor or administrator, in his character as such, and kept by itself, will be so regarded; but, if mixed with the administrator's own money, it is considered as converted, or, technically speaking, 'administered,' And all assets of the testator or intestate in the hands of third persons at the death of an administrator or executor belong to the administrator de bonis non. Of course, debts and choses in action not reduced to possession belong to this category.''

Applying the foregoing principles to the case in hand, we conclude that the sum in controversy having been deposited in the bank to the credit of J. W. Gregory, as executor, places it in the category of unadministered assets of the estate to which it belonged; and, this being true, it follows that the right to collect it passed to the administrator de bonis non, and not to the administrator of the executor, and the payment to W. O. Goodloe was therefore invalid. The bank had notice, by the fact that the money was deposited to the credit of Gregory as executor, that it did not belong to him, and was so set apart that it did not constitute a part of his estate by being mingled with it, and was bound, therefore, to know that the administrator had no right to it. The deposit of the fund was a demand loan to the bank, and no cause of action arose for it until after demand and refusal; nor, in the absence of a special contract, did it bear interest. Assuming that the denials of the first paragraph of the answer placed in issue the allegation that the money in question belonged to the estate of Francis Clark, Sr., deceased, the court should have sustained the demurrer to the plea of payment to the administrator of J. W. Gregory, and tried out the question whether the money did or did not belong to the estate of Francis Clark, Sr., and awarded judg-

ment for the party in whose favor this issue was determined.

The judgment is reversed for proceedings consistent herewith.