12580

*EX PARTE* BANK OF AYNOR
RICE *ET AL. v.* CITY OF COLUMBIA *ET AL.*

(146 S. E., 693)

*Messrs. D. W. Robinson,* and *D. W. Robinson, Jr.,* for appellant,

*Messrs. Joseph L. Nettles* and *L. D. Lide,* for respondent,

February 9, 1929.

The opinion of the Court was delivered by MR. JUSTICE COTHRAN.

This is a controversy between the Bank of Aynor and James E. Peurifoy, Receiver of American Bank & Trust Company, growing out of the litigation between the parties heretofore determined by this Court. 144 S. C., 147, 142 S. E., 239. The present controversy is with reference to the calculation of interest upon the amount ascertained to be due to the Bank of Aynor, $44,189.38, by reason of a breach of trust committed by the American Bank & Trust Company, with interest at 7 per cent. from June 24, 1926. The question of the validity of an assignment by the American Bank & Trust Company of certain securities to the Bank of Aynor, as collateral security to the obligation above referred to, was involved in the appeal, as was also the claim of the Bank of Aynor as a preferred creditor out of the assets of the bank. In the opinion this statement occurs:

"In the opinion of the writer, the Bank of Aynor is entitled to realize upon the pledged collateral to the extent of $44,189.38, with interest at 7 per cent. from June 24, 1926, or to be paid as a preferred creditor out of the assets of the bank in the hands of the Receiver. In this opinion Mr. Justice Stabler concurs.

"Mr. Justice Carter dissents from the conclusion that the bank is entitled to preference out of the general assets, but agrees that it is entitled to a lien upon the assigned securities, in which opinion the Chief Justice concurs. The Court accordingly is unanimous upon the contention of the Bank of Aynor as to its lien upon the assigned securities but divided upon the other (Mr. Justice Blease being disqualified).

In view of the fact that the Court, composed of four justices, is equally divided upon the right of the bank to preference, that question is left open for future decision, in the event that the bank cannot realize its debt out of the assigned assets."

When Mr. Peurifoy was appointed receiver of the American Bank & Trust Company, he found that $73,000.00 of the securities of the bank had been delivered to the Bank of Aynor as security for the $44,000.00 (in round numbers) which had been fraudulently appropriated by the officers of the bank. These securities, with the exception of $10,000.00 worth of them, which had been redelivered by the Bank of Aynor to the State Bank Examiner as security for a deposit of that amount made by him, were still in the hands of the Bank of Aynor, with the further exception of $4,384.00 of them that had been collected by the Bank of Aynor.

The Receiver denied the validity of the assignment of these securities and notified the debtors not to make any further payments to the Bank of Aynor. The controversy thus engendered created an embarrassment; it necessarily tended to interfere seriously with the collections, and the inevitable delay in prospect, to their deterioration. The Bank of Aynor then filed a petition on August 10, 1926, after the Receiver had qualified, by intervention in the main cause in which he had been appointed, claiming a lien upon the securities.

Realizing the necessarily damaging results of the situation and the deterioration of the securities consequent upon the "law's delay" in the pending litigation, the Receiver and the Bank of Aynor agreed that what remained in the hands of the Bank of Aynor of the securities should be delivered to the Receiver for collection, and that all amounts collected, including what had been previously collected by the Bank of Aynor, should be promptly deposited in the Bank of Aynor pending the decision of the Courts upon the petition which had been filed.

Accordingly, the Bank of Aynor delivered the remaining securities, amounting to approximately $55,000.00, to the Receiver, and on August 19th the Receiver drew a check payable to himself as Receiver, for $10,000.00, upon the deposit which had been made in the Bank of Aynor by the Bank Examiner, transferring that deposit to his deposit account in the Bank of Aynor.

Thereafter the Receiver, between October 2, 1926, and September 23, 1927, deposited with the Bank of Aynor, from collections made by him upon the securities and money which had not been so received by him, items amounting to $35,669.36.

The Bank of Aynor is accountable, therefore, for:

Collections made by it ......................$ 4,300.00
Deposit of Bank Examiner, later transferred to
    the deposit account of the Receiver ....... 10,000.00
Deposits by Receiver ...................... 35,669.36

Total .............................$49,969.36

Against the fund chargeable to the Bank of Aynor as above stated, $49,969.36, the Receiver checked:

December 22, 1926, to Bank of Aynor ........$17,975.69
June 1, 1927, to Bank of Aynor ............. 17,975.69
July 15, 1927, to his own order ............. 2,247.07
March 30, 1928, to Bank of Aynor .......... 11,770.91

$49,969.36

The check of December 22, 1926, $17,975.69, represented a dividend of 25 per cent. to the Bank of Aynor—

Upon its claim of $44,189.38 ...............$11,047.35
And upon its deposit, $27,713.38 ............ 6,928.34

$17,975.69

The check of June 1, 1927, for the same amount, $17,-975.69, represented a second dividend upon the same.

The check of July 15, 1927, $2,247.07, represented a withdrawal by the Receiver of that amount, no part of which was received by the Bank of Aynor.

The check of March 30, 1928, $11,770.91, represented a payment made by the Receiver to the Bank of Aynor upon account; it being the credit balance upon the deposit account of J. E. Peurifoy, Receiver, with the Bank of Aynor.

It is admitted that on March 23, 1928, the Receiver paid to the Bank of Aynor $12,311.36, by check on Columbia National Bank upon account.

The point of controversy now between the parties is in reference to the question of interest. The Receiver contends that the Bank of Aynor should be charged with interest at 7 per cent. upon the deposits received by it from the dates of the several deposits; the Bank of Aynor contends that it is entitled to $44,189.38, with interest at 7 per cent. from June 24, 1926, subject to the admitted payments:

December 22, 1926 ........................$11,047.35
June 1, 1927 ........................... 11,047.35
March 23, 1928 ......................... 12,311.36
March 30, 1928 ......................... 11,770.91

—calculated according to the rule of partial payments.

According to the contention of the Bank of Aynor, the account would stand thus:

Principal debt ............................$44,189.38
To interest, June 24, 1926, to December 22, 1926   1,529.44
                                         _____
                                          $45,718.82
By check ............................... 11,047.35
                                         _____
                                          $34,671.47
To interest, Dec. 22, 1926, to June 1, 1927.... 1,071.93
                                         _____
                                          $35,743.40
By check ............................... 11,047.35
                                         _____
                                          $24,696.05

To interest, June 1, 1927, to March 23, 1928... 1,402.18

$26,098.23
By check ............................. 12,311.36

$13,786.87
To interest, March 23, 1928, to March 30, 1928.. 17.76

$13,804.63
By check ............................. 11,770.91

Balance with interest from March 30, 1928....$ 2,033.72

According to the contention of the Receiver in the matter of interest upon the deposits as they were made, the claim of the Bank of Aynor would have been fully paid. In reference to this claim, we think that his Honor, the Circuit Judge, has reached the proper conclusion. The circumstances were peculiar; it was not a case of payments upon an admitted obligation. The matter was one of convention between the parties, who were contesting as to the right to the proceeds of the securities, that the securities which were claimed by each should be delivered to the Receiver for collection, and that the proceeds of the collections, as collected, should be deposited with the Bank of Aynor subject to the determination of the conflict between them, a matter of convenience and safety, with no agreement that the bank should pay interest upon the deposits. *Hays v. Bank,* 70 S. C., 31, 48 S. E., 736; *Clark v. Bank,* 124 Ky., 563, 99 S. W., 674; *Wainwright v. Bank,* 72 Pa. Super. Ct., 225; *Hall v. Bank* (Tex. Civ. App.), 252 S. W., 828.

It appears that in the original petition of the Bank of Aynor it admits to have received upon collection of securities $4,384.00. In the foregoing statement it has been charged with $4,300.00, a difference of $84.00, for which

it should account, with interest from July 13, 1926, to March 30, 1928, $10.08, $94.08.

The Bank of Aynor, therefore, is entitled to $2,033.72 —$94.08=$1,939.64, with interest at 7 per cent. per annum from March 30, 1928, which the Receiver is directed to pay. It is so ordered.

MR. CHIEF JUSTICE WATTS and MESSRS. JUSTICES STABLER and CARTER concur.

MR. JUSTICE BLEASE did not participate.