### ROBINSON v. FIRST NAT. BANK OF PLAINVIEW et al.

No. 6145.

Circuit Court of Appeals, Fifth Circuit.

Jan. 13, 1932.

J. M. Wagstaff, of Abilene, Tex., and C. E. Mays, Jr., of Sweetwater, Tex., for appellant.

J. H. Beall, Sr., of Sweetwater, Tex., and C. S. Williams, of Plainview, Tex., for appellees.

Before BRYAN, FOSTER, and SIBLEY, Circuit Judges.

SIBLEY, Circuit Judge.

This was a suit at law brought in a District Court in Texas by James H. Robinson, a citizen of Kentucky, as administrator de bonis non cum testamento annexo of John Taylor, so appointed by a Kentucky probate court, to recover of the First National Bank of Plainview, a citizen of Texas, a general deposit standing in the name of J. Clark Taylor, executor, and certain notes similarly payable left in the bank for collection; all being the proceeds of land in Texas sold by J. Clark Taylor as executor of John Taylor before he was removed as such by the Kentucky court and succeeded by Robinson. J. Clark Taylor came into the case by intervention under Texas practice. The bank and Taylor, as a plea in abatement of the suit, set up that Robinson as the appointee of a foreign court had no standing to sue in Texas, and that the property sought to be recovered was already in custodia legis in Texas by reason of the prior pendency in a court of that state of a suit for partition of the fund, to which Robinson individually and the other distributees under John Taylor's will were parties, and also by reason of a garnishment of the fund by a creditor. The District Court sustained these contentions and dismissed the suit, and Robinson appeals.

For present purposes, a few only of the facts need be stated. The will of John Taylor was probated at his domicile in Kentucky December 3, 1917, and J. Clark Taylor, together with another since deceased, qualified as executor. The will gave the estate equally to fourteen nieces and nephews of testator. To effect a distribution, the will gave the executors power to sell the real estate, wherever situated, at public or private sale. The will with its probate was recorded in the register of deeds in Texas, where most of the lands lay, as a muniment of title under article 8301, Rev. Civ. Stats. of Texas of 1925. No letters testamentary were taken out in Texas, as might have been done under articles 3352 and 3365. But by article 8305, the power of sale given in the recorded will might be executed in Texas without letters there. The power was executed, the money produced by the sale was put in bank on general deposit in the name of "J. Clark Taylor, Executor," and notes similarly payable were left there for collection. The litigation in the state courts of Texas then began, but the details of it are not necessary to be stated. On May 6, 1929, J. Clark Taylor was removed as executor by the Kentucky probate court, and appellant appointed administrator de bonis non. He filed the instant suit on July 8, 1929, ignoring the litigation in the state court.

We do not inquire whether the principles of comity between the federal and state courts announced in Covell v. Heyman, 111 U. S. 176, 4 S. Ct. 355, 28 L. Ed. 390, and repeatedly since, require dismissal of this

suit in the federal court, because we think the appellant had no standing in Texas as administrator de bonis non to bring it. The general deposit and the notes were payable to J. Clark Taylor, executor, and not to him as executor of John Taylor, and would be considered at law his individual property; the word "executor" being merely descriptio personæ. But he is a party to this suit, the source of the fund is not in dispute, and it is earmarked by the use of the word executor. It may be assumed that, were the choses in controversy located in Kentucky, they would be such unmingled, identified, unadministered assets of the estate of John Taylor as an administrator de bonis non cum testamento annexo would be entitled to recover for administration. Beall v. New Mexico, 16 Wall. 535, 21 L. Ed. 292; Clark's Administrator v. Farmers' Bank of Richmond, 124 Ky. 563, 99 S. W. 674. They represent the land converted into money as required by the will, but not yet divided among the legatees. But whether regarded as tangible money, or more accurately as choses in action due by Texas debtors, they are located for present purposes in Texas and not in Kentucky. C. R. I. & P. R. R. Co. v. Sturm, 174 U. S. 710, 19 S. Ct. 797, 43 L. Ed. 1144; Vogel v. Thiesing (C. C. A.) 55 F.(2d) 205. Peaceable payment is refused, and appellant must enter the courts of a state foreign to that of his appointment to recover them. The rule is well settled that letters testamentary or of administration are without validity and will not support a suit in another state in either a state or federal court, unless by force of some law of the forum. Fenwick v. Sears, Adm'r, 1 Cranch, 259, 2 L. Ed. 101; Dixon's Executors v. Ramsay's Executors, 3 Cranch, 319, 2 L. Ed. 453; Vaughan v. Northup, 15 Pet. 1, 10 L. Ed. 639; Johnson v. Powers, 139 U. S. 156, 11 S. Ct. 525, 35 L. Ed. 112; Moore v. Mitchell, 281 U. S. 18, 50 S. Ct. 175, 74 L. Ed. 673; Story, Conflict Laws, § 513; 11 R. C. L., Excrs. & Admnrs., § 551. The rule obtains in Texas. A. T. & S. F. R. R. Co. v. Berkshire (Tex. Civ. App.) 201 S. W. 1093; Hare v. Pendleton (Tex. Civ. App.) 214 S. W. 948. The mere recording of the foreign will in Texas does not invest the foreign executor with any administrative powers in Texas beyond the right to execute the testamentary power of sale. Clarke v. Webster (Tex. Civ. App.) 94 S. W. 1088; Williams v. Fuerstenberg (Tex. Civ. App.) 12 S.W.(2d) 812. It is urged that J. Clark Taylor himself, though a foreign executor, might have sued the bank, and Moore v. Petty (C. C. A.) 135 F.

668, is cited. In so suing, as pointed out in the cited case, Taylor would proceed upon the strength of his own contracts and transactions with the bank, and not on any right or title of his testator. He would need no aid or authority from his foreign letters. Appellant, on the contrary, has had no contract or transaction with the bank, and in order to sue it he would have to rely on his foreign letters to be substituted in the rights either of the testator or of his predecessor in the administration. He is in no better situation than an original foreign administrator seeking to recover the assets of the estate would be.

Judgment affirmed.