**Johannes MENTINK, as Receiver for Kok Juweliers B.V. d/b/a International Watch Suppliers, Plaintiff,**

v.

**WORLD TIME CORPORATION OF AMERICA, Defendant.**

**No. 89–6498–CIV.**

United States District Court, S.D. Florida.

June 7, 1990.

Stuart J. McGregor, Miami, Fla., for plaintiff.

Mark D. Solov, Miami, Fla., for defendant.

## ORDER DENYING DEFENDANT'S MOTION TO DISMISS OR FOR A MORE DEFINITE STATEMENT

RYSKAMP, District Judge.

### I. INTRODUCTION

THIS MATTER is before the court on the motion of defendant World Time Corporation ("World Time") to dismiss the complaint pursuant to Rule 17 of the Federal Rules of Civil Procedure, filed August 25, 1989;[1] and, in the alternative, its motion for a more definite statement.

Plaintiff Johannes Mentink ("Mentink"), as receiver for International Watch Suppliers ("IWS"), has sued World Time for breach of contract and conversion of IWS funds. World Wide moves to dismiss the complaint, alleging that Mentink as receiver for IWS lacks sufficient interest and standing to bring this suit in a United States federal court in Florida. Mentink was appointed receiver for IWS by the Judge Commissary of the High Court of Rotterdam, Holland. According to Mentink's amended complaint, filed by interlineation, the High Court of Rotterdam explicitly authorized him to file this lawsuit as receiver for IWS.

### II. ANALYSIS

To support its position that Mentink cannot exercise his authority as a receiver

---

**1.** Although World Time's motion to dismiss was filed August 25, 1989, this matter was stayed pending settlement negotiations until January 15, 1990. Thereafter, Mentink filed an amended complaint by interlineation, and World Time filed a notice of applicability of its earlier motion to dismiss on February 2, 1990.

outside of Holland, World Time relies on decisions involving the authority of receivers appointed by one state to sue in a federal court located in another state. Before 1948, federal courts did not recognize the capacity of foreign receivers to institute an action, even if they could sue or be sued in the forum state's court. The underlying rationale for this practice was stated in *Great Western Mining & Mfg. Co. v. Harris*, 198 U.S. 561, 576, 25 S.Ct. 770, 774, 49 L.Ed. 1163, 1168 (1905), to the effect that every jurisdiction "has the right and power to determine for itself who the receiver shall be." World Time contends that if the receiver in *Great Western Mining*, who was appointed by a federal court in Kentucky, had no standing to maintain a suit in Vermont, then it "logically follows that Mentink, a receiver appointed in the Netherlands, has no power to maintain this action in Florida against World Time".

The court is not persuaded by World Time's reliance on *Great Western Mining*. The view expressed in that decision was sharply criticized for causing great hardship and delay in the judicial process, because it required the appointment of ancillary receivers in every district in which debtors had to be sued. *See* 6A C. Wright, A. Miller, and M. Kane, *Federal Practice and Procedure* § 1567 (1990). As a result of the enactment and subsequent 1948 amendment of Rule 17(b), the capacity of federal receivers is to be determined in accordance with section 754 of the Judicial Code, which provides that an appointed receiver "shall have the capacity to sue in any district without ancillary appointment." 28 U.S.C. § 754 (1982).

The court holds that it is consistent with amended Rule 17 that Mentink, "duly appointed" by the High Court of Rotterdam, Holland, has the power to bring and maintain this action in Florida against World Time. The rationale of amended Rule 17 allows for such an extraterritorial exercise of authority, whether a foreign receiver hails from another jurisdiction in the United States or another country. To hold otherwise would resurrect an anachronism inconsistent with international business reality. For example, the court would recognize a foreign judgment against an American corporation. *See, e.g., Somportex Ltd. v. Philadelphia Chewing Gum Corp.*, 453 F.2d 435 (3rd Cir.1971) (action to enforce a default judgment obtained in England), *cert. denied*, 405 U.S. 1017, 92 S.Ct. 1294, 31 L.Ed.2d 479 (1972). By analogy, to disregard the power of the High Court of Rotterdam to appoint Mentink as a receiver, authorized to maintain suit in Florida, would offend the concept of transnational comity. "Comity is a recognition which one nation extends within its own territory to the ... judicial acts of another. It is not a rule of law, but one of practice, convenience and expediency." *Id.* at 440.

In addition to relying on the antiquated rationale of *Great Western Mining*, World Time relies on *Robinson v. First National Bank of Plainview*, 55 F.2d 209 (5th Cir. 1932) and *Hotchkiss v. Martin*, 52 So.2d 113 (Fla.1951). The court dismisses the use of *Hotchkiss* as precedent, because it relies on the rationale underlying *Great Western Mining*, which the court has rejected. *Hotchkiss*, 52 So.2d at 114. Furthermore, both cases are distinguishable on the ground that another party had title superior to the foreign receiver regarding the property sought. *See Robinson v. First National Bank of Plainview*, 55 F.2d 209 (5th Cir.1932) (estate assets in name of executor as individual and not as executor of estate, thus granting him title to the property over another executor subsequently appointed); *Hotchkiss v. Martin*, 52 So.2d 113 (Fla.1951) (Ohio receiver not in superior position to judgment creditor when seeking title to Treasury bonds). In contrast to the situation presented in *Robinson* and *Hotchkiss*, no party occupies a superior position to Mentink when making a claim on behalf of IWS. Mentink as receiver for IWS is a real party in interest and a proper advocate for seeking to enforce its rights.

In the alternative to its motion to dismiss, World Time asks that Mentink provide a more definite statement of IWS' claim. The court will allow Mentink's inconsistent pleadings to stand, as different theories of IWS' claim will result in differ-

ent damage calculations. Further inquiries regarding these calculations, now requested by World Time, are more properly left for discovery.

### III. CONCLUSION

Considering the foregoing it is hereby:

ORDERED and ADJUDGED that World Time's motion to dismiss is DENIED.

ORDERED and ADJUDGED that World Time's motion for a more definite statement is DENIED.

ORDERED and ADJUDGED that World Time shall serve its answer to plaintiff's complaint within ten (10) days of the date of notice of this order, as provided in Fed. R.Civ.Pro. 12(a)(1).

ORDERED and ADJUDGED, sua sponte, that trial in this matter is CONTINUED. This case is reset for trial for the two-week period beginning September 17, 1990. The parties shall appear at calendar call on September 12, 1990 at 1:15 p.m. As provided in the original notice of trial, no Rule 16 pretrial conference will be scheduled absent a party's motion; however, the pretrial stipulation required by local Rule 14 D must be filed by September 5, 1990. All other pretrial preparations required pursuant to Local Rule 14 must be completed by August 17, 1990.

DONE and ORDERED.