**Affirmed and Majority and Concurring Opinions filed May 31, 2018.**



In The

# Fourteenth Court of Appeals

## NO. 14-16-00481-CV

**ALEJANDRO VIVANCO ALARCON AS EXECUTOR OF THE ESTATE OF ARACELI ALARCON VELAZQUEZ, DECEASED, MARIE EUGENIE ALARCON VELAZQUEZ, AND ROBERT BLAAUW AS RECEIVER FOR ZALINCO CORPORATION, N.V. AND OCANA CORPORATION, N.V.,** Appellants

**V.**

**GABRIEL ALARCON VELAZQUEZ, Appellee**

**On Appeal from the 270th District Court
Harris County, Texas
Trial Court Cause No. 2006-51822**

## C O N C U R R I N G   O P I N I O N

The foreign receiver has standing to assert the Curacao corporations' claims, and the trial court and this court have jurisdiction over these claims. I join only in the court's judgment and write separately to address the authorities the losing party cites but the majority does not address.

A court in Curacao[1] ordered the dissolution of Zalinco Corporation, N.V. and Ocana Corporation, N.V. (the "Companies") and appointed appellant Robert Blaauw the receiver for both, giving Blaauw the authority to do everything necessary to liquidate the Companies. In the trial court Blaauw, as receiver for the Companies, asserted various claims against appellee Gabriel Alarcon Velazquez. In a conditional cross-issue, Gabriel[2] asserts that Blaauw lacks standing to assert these claims and the trial court lacked subject-matter jurisdiction over these claims because a receiver created by courts outside Texas has no power to act as a receiver in Texas, unless a Texas court appoints that receiver as an ancillary Texas receiver. The trial court denied a motion to appoint Blaauw as an ancillary Texas receiver, and, according to Gabriel, absent this status Blaauw has no authority to sue in Texas courts to assert claims on behalf of the Companies. Thus, Gabriel argues, Blaauw lacks standing to pursue the Companies' claims in this case, and the trial court as well as this court lack subject-matter jurisdiction over these claims.

As support for his argument, Gabriel relies on two cases from the Supreme Court of the United States, *Booth v. Clark*[3] and *Great Western Mining & Manufacturing Company v. Harris*.[4] In neither case does the Court apply or construe Texas law, and we are not required to follow these cases in our

---

[1] Curacao is a constituent country within the Kingdom of the Netherlands. *See In re Restraint of All Assets Contained or Formerly Contained in Certain Inv. Accounts at UBS Fin. Servs., Inc.*, 860 F.Supp.2d 32, 34 n.2 (D. D.C. 2012). Curacao was formerly a part of the Netherlands Antilles. *See id*. at 35 n.3.

[2] In this opinion the term "Gabriel" is used because the three siblings have the same last name.

[3] 58 U.S. 322, 17 How. 322, 15 L.Ed. 164 (1854).

[4] 198 U.S. 561, 25 S. Ct. 770, 49 L.Ed. 1163 (1905).

determination of Texas law as to Gabriel's cross-issue.[5]

Gabriel also cites *Moseby v. Burrow,* an 1880 case in which the Supreme Court of Texas concluded that a Tennessee court lacked the power to order the conveyance of real property in Texas.[6]  In the course of doing so, the *Moseby* court stated that a receiver cannot act in his official capacity outside the jurisdiction of the court that appointed the receiver.[7]  But, because this statement was not necessary to the disposition of the case, it constitutes a non-binding obiter dictum.[8]  Gabriel also cites a recent case, *In re Bridgestone Americas Tire Operations, LLC*, in which the Supreme Court of Texas concluded that guardians of children under the law of Nuevo Leon had no authority to sue in that capacity in Texas.[9]  *Bridgestone* is not on point because it does not address foreign receivers.[10]  Though Gabriel cites other Texas cases, they are not binding on this court.  In sum, the parties have not cited, and research has not revealed, any binding precedent on this issue.

The majority states that the cases Gabriel cites are no longer authoritative.  Yet, among them are two cases from the Supreme Court of Texas.  If one of those cases were a binding precedent on today's issue, the case still would be authoritative no matter its age.  There is no expiration date on vertical stare decisis.  As an intermediate court of appeals, our role is to apply supreme-court precedent,

---

[5] *See Panterra Corp. v. Am. Dairy Queen*, 908 S.W.2d 300, 300–01 (Tex. App.—San Antonio 1995, no writ).

[6] *Moseby v. Burrow*, 52 Tex. 396, 402–05 (1880).

[7] *See id.* at 403–04.

[8] *See Univ. of Tex. Health Science Ctr. at Houston v. Crowder*, 349 S.W.3d 640, 645 n.4 (Tex. App.—Houston [14th Dist.] 2011, no pet.).

[9] *See In re Bridgestone Ams. Tire Operations, LLC*, 459 S.W.3d 565, 570–72 (Tex. 2015).

[10] *See id.*

whether recent or ancient.[11]  We may not abrogate it, modify it, or dismiss it as no longer authoritative.[12]

The federal law rule articulated in *Booth v. Clark*[13] and *Great Western Mining & Manufacturing Company v. Harris*[14] drew sharp criticism for causing great hardship and delay in the judicial process, because it required the appointment of ancillary receivers in every district in which debtors had to be sued.[15] As a result of a 1948 federal statute and an amendment to Federal Rule of Civil Procedure 17(b), courts are to determine the capacity of federal receivers in accordance with title 28, section 754 of the United States Code, which provides that an appointed receiver "shall have the capacity to sue in any district without ancillary appointment."[16]  In light of these changes to federal law, federal courts have concluded that receivers appointed by courts outside the United States may bring suit in federal court based on principles of comity.[17]  Comity is "the recognition which one nation allows within its territory to the legislative, executive or judicial acts of another nation, having due regard both to international duty and convenience, and to the rights of its own citizens or of other persons who are under the protections of its laws."[18]

---

[11] *See Lubbock Cnty., Texas v. Trammel's Lubbock Bail Bonds*, 80 S.W.3d 580, 585 (Tex. 2002); *Auz v. Cisneros*, 477 S.W.3d 355, 360 (Tex. App.—Houston [14th Dist.] 2015, no pet.).

[12] *See Lubbock Cnty., Texas*, 80 S.W.3d at 585; *Auz*, 477 S.W.3d at 360.

[13] 58 U.S. 322, 17 How. 322, 15 L.Ed. 164 (1854).

[14] 198 U.S. 561, 25 S. Ct. 770, 49 L.Ed. 1163 (1905).

[15] *See Mentink v. World Time Corp. of Am.*, 131 F.R.D. 210, 211 (S.D. Fla. 1990).

[16] 28 U.S.C. § 754; *see Mentink*, 131 F.R.D. at 211.

[17] *See Mentink*, 131 F.R.D. at 211–12.

[18] *Gannon v. Payne,* 706 S.W.2d 304, 306 (Tex. 1986) (quoting *Hilton v. Guyot,* 159 U.S. 113, 163–64, 16 S.Ct. 139, 40 L.Ed. 95 (1895)).

No binding precedent requires this court to adopt the line of cases upon which Gabriel relies. Instead of adopting this line of cases for use under Texas law, today this court properly adopts the better rule — the rule based on comity. Under this rule, Blaauw, as receiver of the Companies, has standing to pursue the claims he asserts in this case, and the trial court and this court have subject-matter jurisdiction over these claims, without any need for ancillary receiverships.


/s/  Kem Thompson Frost
Chief Justice


Panel consists of Chief Justice Frost and Justices Boyce and Jamison. (Jamison, majority).