Burta Rhoads **RABORN**, Petitioner,

v.

**Philip E. DAVIS, Respondent.**

No. C–7910.

Supreme Court of Texas.

June 27, 1990.

Patricia A. Wicoff, Houston, for petitioner.

C. Greg Goodrum, Percy L. "Wayne" Isgitt, Houston, for respondent.

ON MOTION FOR REHEARING

PER CURIAM.

We granted writ of error in this case to determine the validity of an order issued under section 31.002, Texas Civil Practice & Remedies Code, commonly referred to as "the turnover statute". The trial court ordered respondent Philip E. Davis to turn over his paychecks to a receiver who was instructed to disburse part of the funds to Davis and part to pay a judgment debt owed petitioner Burta Rhoads Raborn. A

divided court of appeals reversed, holding that wages to be received in the future are exempt by law from such seizure for payment of a judgment debt. 754 S.W.2d 481. We issued an opinion February 21, 1990, reversing the judgment of the court of appeals and affirming the judgment of the trial court. Respondent moved for rehearing.

This case presents very important and difficult issues of statutory and constitutional construction. While it has been pending before us, the law has changed. After this case was argued, the Legislature amended section 31.002 to add the following subpart (f):

> A court may not enter or enforce an order under this section that requires the turnover of the proceeds of, or the disbursement of, property exempt under any statute, including Section 42.0021, Property Code. This subsection does not apply to the enforcement of a child support obligation or a judgment for past due child support.

Ch. 1015, § 1, 1989 Tex.Gen.Laws 4112, *effective* June 15, 1989. The Legislature expressed its intention that the amendment apply "to the collection of any judgment, regardless of whether the judgment is rendered before, on, or after" its effective date. *Id.* § 2. Thus, the amendment is intended to apply to the order in this case. However, the effect of the amended statute has not been fully briefed or argued in this case.

While respondent's motion for rehearing has been pending, the parties have announced that all issues between them have been fully resolved. Accordingly, respondent has moved to withdraw his motion for rehearing, and petitioner has stated that she has no objection. Despite the singular importance of the issues raised in this case, because of the change in the law while the case has been pending, and the settlement reached between the parties, we conclude that this case no longer warrants review. Consequently, a majority of the Court grants respondent's motion to withdraw his motion for rehearing and, on its own motion, vacates its opinion and judgment of February 21, 1990, vacates the opinions and judgment of the court of appeals, vacates the order of the trial court, and dismisses the cause as moot.