lated a judgment dated May 3, 1983, held him in contempt of court for that violation, ordered as punishment his confinement in the county jail for a 180 days and payment of a $500 fine and costs of court, and described probation conditions that would apply after Hernandez served 60 days of his sentence. The contempt order does not direct the sheriff or other ministerial officer to take Hernandez into custody and detain him under the terms of the judgment, nor does it direct the clerk to issue a written attachment or order of commitment to the proper officer. Hernandez asserts in his verified petition that no order of commitment apart from the contempt judgment has ever issued, and the real party in interest, the State Board of Dental Examiners, does not assert otherwise in its response. *See Smart*, 256 S.W.2d at 398.

Accordingly, a majority of the Court grants the writ of habeas corpus, and orders Hernandez discharged. Tex.R.App.P. 120, 170.

Francis I. Gandy, Jr., Corpus Christi, for respondents.

PER CURIAM.

After appeal of a trial court's order denying arbitration, the parties settled their dispute. Despite having received a joint motion to dismiss the appeal, the court of appeals issued an opinion dismissing for want of jurisdiction. 809 S.W.2d 679 (Tex. App.1991).

The filing of a joint motion to dismiss prior to disposition mooted the appeal: " '[I]t is axiomatic that appellate courts do not decide cases in which no controversy exists between the parties.' Accordingly, if no controversy continues to exist between [the parties], the appeal is moot and this court must dismiss the cause." *General Land Office v. OXY U.S.A., Inc.*, 789 S.W.2d 569, 570 (Tex.1990) (quoting *Camarena v. Texas Employment Comm'n*, 754 S.W.2d 149, 151 (Tex.1988)) (citation omitted); *see Texas Water Comm'n v. Coalition Advocating a Safe Environment*, 819 S.W.2d 799 (Tex.1991) (per curiam).

Pursuant to Rule 170 of the Texas Rules of Appellate Procedure, a majority of the court grants the Petitioners' application for writ of error and, without hearing oral argument, vacates the judgment and opinion of the court of appeals and dismisses this cause as moot.

**MERRILL LYNCH, PIERCE, FENNER, & SMITH, INC., et al.,**

v.

**J.B. HUGHES, et al.**

No. D–1323.

Supreme Court of Texas.

April 22, 1992.

W. Wendell Hall, San Antonio, Katherine D. Hunt, Houston, for petitioners.

**PERRYMAN**

v.

**STATE.**

No. 0644–85.

Court of Criminal Appeals of Texas, En Banc.

March 7, 1990.

Appeal from County Criminal Court of Law, No. 1, Harris County; Bill Ragan, Judge.