**PUBLIC CITIZEN, Texas AFL–CIO and Thomas Edward Smith,**

v.

**The THIRD COURT OF APPEALS.**

**No. D–2588.**

Supreme Court of Texas.

Feb. 3, 1993.

PETITION FOR PUBLICATION

Petition for Publication Denied.

## CONCURRING OPINION TO ORDER DENYING PETITION FOR PUBLICATION

DOGGETT, Justice.

While I concur in the court's order denying the petition of Public Citizen, Texas AFL–CIO and Thomas Edward Smith for publication of an opinion delivered August 21, 1991 by the Third Court of Appeals in *Mt. Hawley Insurance Co. v. Ragland,* No. 3–90–079–CV, 1991 WL 159193, I write separately to note the unique circumstances present here which justify denial of the motion to publish.

After the court of appeals designated its opinion for publication pursuant to Texas Rule of Appellate Procedure 90(c) and while a motion for rehearing of the court's opinion and judgment was pending, the parties settled their dispute. Granting the parties' joint motion to dismiss, the court of appeals withdrew its prior opinion and judgment. Petitioners now ask this court to order the withdrawn opinion published. Tex.R.App.P. 90(c).

In initially directing publication, the court of appeals necessarily concluded that its opinion:

(1) establishes a new rule of law, alters or modifies an existing rule, or applies an existing rule to a novel fact situation likely to recur in future cases; (2) involves a legal issue of continuing public interest; (3) criticizes existing law; or (4) resolves an apparent conflict of authority.

Tex.R.App.P. 90(d). As the only writing to construe Tex.Ins.Code Ann. art. 1.36, § 11(a)(1) (Vernon Supp.1992), requiring an unauthorized insurer prior to filing any court pleading to post a bond demonstrating its financial ability to satisfy any judgment rendered, this opinion addresses a question of first impression, of public importance and of likely recurrence.

Our courts of law are imbued with a public purpose; they do not sit merely as private entities to resolve private disputes. While settlement is to be encouraged, a private agreement between litigants should not serve to vacate a court's writing on matters of public importance. *See generally* Jill E. Fisch, *Rewriting History: The Propriety of Eradicating Prior Decisional Law Through Settlement and Vacatur,* 76 Cornell L.Rev. 589 (1991). This court recently adopted a procedure that allows the parties to resolve their disputes during the pendency of the appeal to this court while preserving the public nature of the court of appeals' opinion. Upon joint motion, this court sets aside the judgments below without reference to the merits; and the court of appeals' opinion is not vacated. *See, e.g., Kidder, Peabody & Co. v. Lutheran Brotherhood,* 840 S.W.2d 384 (1992); *Harbison–Fisher Manufacturing Co. v. Mohawk Data Sciences Corp.,* 840 S.W.2d 383 (1992); *Commonwealth Lloyd's Ins. Co. v. Thomas,* 843 S.W.2d 486 (1993).

Additionally, after this court has issued an opinion in a cause, we exercise discretion in whether to vacate upon a subsequent settlement. *Compare Smith v. O'Neill,* 813 S.W.2d 501 (Tex.1991), *joint motion to withdraw opinion overruled,* 34 Tex.Sup.Ct.J. 778 (Sept. 11, 1991), *and City of Pasadena v. State,* 442 S.W.2d 325, 331 (Tex.1973) (overruling motion to dismiss predicated on settlement following issuance of court's opinion, because case "concerns the public interest"), *with Raborn v. Davis,* 795 S.W.2d 716 (Tex.1990) (vacating opinion and judgment).

A settlement thus does not automatically require the vacating of a court of appeals' opinion, either by this court or by the intermediate appellate court. The court of appeals, however, retains jurisdiction during the pendency of any rehearing motion to alter or withdraw its opinion to correct error therein. Because here the court of appeals vacated its opinion while a motion for rehearing was pending, it is unclear whether its action resulted solely from the parties' settlement or reflected concerns with the correctness of its own opinion raised by the rehearing motion. In the latter case, the court of appeals should be accorded the same discretion we exercise. When vacatur is premised exclusively upon settlement of the parties, however, the court of appeals should follow a procedure,

similar to that we employ, vacating without reference to the merits only its judgment.

Although the petition for publication is overruled, nothing bars the ability of petitioners to seek reconsideration in the court of appeals in light of this court's practice concerning the vacating of opinions. *See* Tex.R.App.P. 90(c) (permitting reconsideration of publication decision at any time prior to ruling by Supreme Court on application for writ of error).

HIGHTOWER, GAMMAGE and SPECTOR, JJ., join in this concurring opinion.