The PANTERRA CORPORATION, Appellant,

v.

AMERICAN DAIRY QUEEN and Don Hutchinson, Appellees.

No. 04–93–00801–CV.

Court of Appeals of Texas, San Antonio.

Sept. 27, 1995.

Charles A. Stephens, II, Canyon Lake, for appellant.

Joseph M. Harrison, IV, Haynes and Boone, L.L.P., San Antonio, for appellee.

Before LOPEZ, STONE and DUNCAN, JJ.

OPINION

LOPEZ, Justice.

The parties have filed a joint "Stipulation and Agreement of Voluntary Dismissal." *See* TEX.R.APP.P. 59(a)(1)(A). They state that they have fully compromised and settled the issues in dispute. The parties request that we dismiss the appeal and affirm the judgment of the court below. We cannot do both.

At least as early as 1943, the Texas Supreme Court chastised a court of appeals for dismissing an appeal as moot but leaving the district court's judgment in full force. *See Freeman v. Burrows*, 141 Tex. 318, 171 S.W.2d 863, 863 (1943). The court held that this was error and clearly set forth the applicable rule of law: "When a cause becomes moot on appeal, *all previous orders and judgments should be set aside* and the cause, *not merely the appeal*, dismissed." *Id.* (emphasis added).

By 1958, the supreme court was referring to this rule of law as "long-established." *See Guajardo v. Alamo Lumber Co.*, 159 Tex. 225, 317 S.W.2d 725, 726 (1958). The court reiterated that when a case becomes moot while on appeal, *all previous orders are set aside* by the appellate court and the cause is dismissed. *Id.* The supreme court has consistently followed this rule. *See e.g., Speer v. Presbyterian Children's Home*, 847 S.W.2d 227, 228 (Tex.1993); *Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Hughes*, 827 S.W.2d 859, 859 (Tex.1992); *Raborn v. Davis*, 795 S.W.2d 716, 717 (Tex.1990); *Dunn v. Dunn*, 439 S.W.2d 830, 833 (Tex.1969); *Texas Foundries, Inc. v. Internat'l Moulders & Foundry Workers' Union*, 151 Tex. 239, 248 S.W.2d 460, 461 (1952). Even the court of criminal appeals has recognized the application of this rule in civil appeals. *See Chacon v. State*, 745 S.W.2d 377, 378 (Tex.Crim.App. 1988).

The United States Supreme Court recently addressed the vacatur of lower court judgments when a case becomes moot while on appeal and decided that vacatur is not auto-

matically required. *See U.S. Bancorp Mortgage Co. v. Bonner Mall Partnership,* 513 U.S. ——, 115 S.Ct. 386, 130 L.Ed.2d 233 (1994). This case, however, is not binding precedent because the issue decided was one of federal procedural law. As such, it does not apply to state courts' application of state procedural law.

The law in Texas requiring vacatur is long-standing and well-established by our supreme court; this court is bound to follow it. Whether to revisit the issue and follow the holding of the United States Supreme Court in *Bonner Mall* is for the Texas Supreme Court, not this court, to decide.

On June 16, 1995, this court issued an order explaining to the parties our inability to dismiss the appeal as moot and affirm the judgment below. We allowed the parties an opportunity to clarify the relief they sought, or to withdraw the motion to dismiss and substitute an agreed motion to reverse and remand for entry of a judgment in conformity with the settlement agreement. Appellants responded as follows: "If it is the desire of Appellees' counsel that other action be taken we are prepared to enter into an appropriate agreement. Otherwise on behalf of Appellants, we would request that the court issue its ruling on the Stipulation Agreement of Voluntary Dismissal [sic] in accordance with the law." Appellees did not respond.

The "Stipulation and Agreement of Voluntary Dismissal" is granted in part. The cause is moot. All previous orders and judgments, both trial and appellate, are set aside and the cause is dismissed. *See Merrill Lynch, Pierce, Fenner, & Smith, Inc. v. Hughes,* 827 S.W.2d at 859; *Exxon Corp. v. Butler,* 619 S.W.2d 399, 399 (Tex.1981); *Freeman v. Burrows,* 171 S.W.2d at 863–64. Costs of appeal are taxed against the parties who have incurred them.

DUNCAN, Justice, dissenting.

We have before us a "Stipulation and Agreement of Voluntary Dismissal," in which appellant and appellees request that "this appeal be dismissed and the judgment of the lower court [be] affirmed in all respects." The Stipulation is signed by the attorneys for both parties. I agree that we cannot both dismiss the appeal and affirm the judgment, but I disagree that we cannot do either and must contravene the result intended and requested by the parties—to "leav[e] the original judgment intact as a bar to any further pursuit of these claims...."

In response to the parties' Stipulation, this court issued an order informing the parties that, if they wished to avoid vacation of the trial court's judgment, they had only one option: they could file a new motion to reverse and remand the case to the trial court to enter a judgment in conformity with their settlement agreement. Perhaps not surprisingly, since the case had already settled, the appellant did not expend the time, effort, or money required to prepare and file such a motion and obtain a second trial court judgment against itself. Rather, the appellant has indicated that, while it is prepared to enter into an appropriate agreement to effectuate the required course of action, in the absence of such an agreement, it requests that the court rule on the Stipulation Agreement "in accordance with the law," thereby gaining a result never bargained for or agreed upon by either the appellant or the appellees—vacation of the trial court's judgment. The appellees, on the other hand, have bargained for and received a settlement agreement that this court now says it cannot or will not enforce. I disagree with the majority's limited view of our authority in this situation.

I recognize that, as a general rule, when a case becomes moot while on appeal, the proper course is not to merely dismiss the appeal, but to vacate the judgments and orders of the lower courts. *E.g., United Services Automobile Ass'n v. Lederle,* 400 S.W.2d 749 (Tex.1966). Historically, the purpose of this general rule appears to have been two-fold. First, the rule prevented what might have been an erroneous opinion and judgment from becoming final in a moot case. *See id.; see also Speer v. Presbyterian Children's Home,* 847 S.W.2d 227 (Tex.1993); *Raborn v. Davis,* 795 S.W.2d 716 (Tex.1990); *but see Houston Cable TV v. Inwood West Civic Ass'n,* 860 S.W.2d 72 (Tex.1993) (per curiam on motion for rehearing) (recognizing "public nature" of opinions and adopting procedure

that vacates lower courts' judgments but not necessarily court of appeals' opinion). To the extent this consideration is still valid, it is not present here because there is no opinion by the lower court or this court. Second, the general rule prevents affirmance "without according to the appealing parties a hearing upon the merits of their appeal." *International Ass'n of Machinists v. Federated Ass'n of Accessory Workers*, 133 Tex. 624, 130 S.W.2d 282, 283 (1939). This consideration is also not present here because it is an affirmance without a hearing on the merits that is precisely what the parties desire.

The policies underlying the general rule are thus not present in this appeal. Moreover, the general rule is not absolute. As the court noted in *Lederle*, the cause was dismissed there because "[n]o reason [was] made known to [the court] and none appears in the record to cause [the court] to vary from the rule that a moot cause should be dismissed." *Lederle*, 400 S.W.2d at 749. In this case, on the other hand, there is a very good reason to vary from the general rule—the parties have bargained for and agreed upon a settlement that leaves the trial court's judgment intact as a bar to relitigation. Public policy favors settlements, *e.g., Elbaor v. Smith*, 845 S.W.2d 240, 250 (Tex.1992), and the efficient administration of justice, Tex. R.Civ.P. 1. Why then should the parties have to expend the time, effort, and money involved in having a trial court enter judgment in accordance with their settlement agreement when a simple dismissal of the appeal or summary affirmance by this court will achieve the same effect at no additional cost to the parties and no additional burden on this court?

The only reason that I can think of that would justify such a needless waste of time, effort, and money is that we are precluded from effectuating the parties' intent by statute, case law, or rule. In my view, however, we are expressly authorized to grant the parties their requested relief by Rule 59(a)(1)(B), Tex.R.App.P., which first became effective January 1, 1961 as Texas Rule of Civil Procedure 387a. Rule 387a provided, and Rule 59(a)(1)(B) now provides, in relevant part:

(1) The appellate court may finally dispose of an appeal ... as follows:

.    .    .    .    .

(B) On motion of appellant to dismiss the appeal or affirm the judgment appealed from, with notice to all other parties; provided, that no other party shall be prevented from seeking any appellate relief it would otherwise be entitled to.

In my view, Rule 59(a)(1)(B) supplants the pre–1961 cases cited by the majority, and the post–1961 cases are distinguishable and, in any event, non-preclusive.[1] *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Hughes*, 827 S.W.2d 859 (Tex.1992) (per curiam). Indeed, the majority's reliance on *Merrill Lynch* is somewhat baffling. While *Merrill Lynch* did involve a settlement and joint motion to dismiss, the court there expressly vacated *only* the court of appeals' opinion and judgment; no mention was made as to whether the trial court's order denying arbitration was also set aside. *See id.*

In the context of this case, I would interpret Rule 59(a)(1)(B) as written. To do otherwise renders the rule a trap for the unwary, as evidenced by this case.[2] According-

---

1. Neither *Speer v. Presbyterian Children's Home*, 847 S.W.2d 227 (Tex.1993), nor *Dunn v. Dunn*, 439 S.W.2d 830 (Tex.1969), involved a settlement agreement and joint motion to dismiss. Indeed, dismissal was actively opposed in both cases. Settlement agreements and joint motions to dismiss were involved in *Raborn v. Davis*, 795 S.W.2d 716 (Tex.1990), and *Exxon Corp. v. Butler*, 619 S.W.2d 399 (Tex.1981). In *Raborn*, however, it was in light of the importance of the issue presented and the enactment of legislation that purported to apply retroactively that the court—on its own motion—vacated the lower court's opinion and judgments. In *Exxon*, although the

court set aside the lower courts' judgments, nothing in the opinion indicates that the court was required to do so—even if it contravened the parties' intent and desire.

2. In this case, the parties have indicated that their settlement agreement seeks to maintain the trial court's judgment to prevent relitigation of the same claims. Similar concerns would arise, however, if the trial court's judgment was to remain intact for purposes of collateral estoppel or execution in the event of a breach.

ly, pursuant to the parties' Stipulation and Rule 59(a)(1)(B), I would either dismiss this appeal, leaving the lower court's judgment intact, or summarily affirm. In no event would I vacate the trial court's judgment and deprive the appellees of their final judgment and potential res judicata defense, in contravention of the parties' expressed intent and desire, as the majority has done.

The result in this case reflects the court's long-established internal operating procedures, which will undoubtedly not be subjected to supreme court review. In my view, these internal operating procedures must be made public so that litigants may structure their settlement documents accordingly. I therefore write and publish this dissent to inform the bar of the court's procedures, as well as the fact that, in this court, there are only two avenues for dismissing an appeal without also vacating the trial court's judgment: (1) Pursuant to Rule 59(a)(1)(B), the appellant may file a motion that seeks dismissal of the appeal but which does not in any respect suggest that the case has been settled or (2) Pursuant to Rule 59(a)(1)(A), the parties may file a joint motion to reverse and remand the case to the trial court for entry of a judgment in conformity with the settlement agreement, which itself provides for the re-entry of the original judgment. The first alternative will of course be the least expensive and time-consuming method.