TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-97-00234-CV

Louie L. Raven, Individually and in his capacity as Independent Executor of the 

Estate of Josephine B. Leissner, Deceased, Robert Clayton Raven; Joyce Raven, 

and Linda Gayle Raven Neinast, Appellants

v.

Karen L. Beall, Appellee

FROM THE PROBATE COURT NO. 1 OF TRAVIS COUNTY

NO. 60,365-A, HONORABLE GUY HERMAN, JUDGE PRESIDING 

PER CURIAM

 The parties announce that they have settled their dispute and jointly move for dismissal and
remand of the cause of action to the trial court to implement the settlement agreement. We cannot both
dismiss and remand. See Panterra Corp. v. American Dairy Queen, 908 S.W.2d 300, 301 (Tex.
App.--San Antonio 1995, no writ). We do not view our powers as narrowly as the majority in Panterra,
however. See id. (holding that appellate courts must vacate judgments in settled cases when parties request
inconsistent relief).

 The rules allow us to dispose of an appeal in accordance with an agreement signed by the
parties and filed with the clerk. Tex. R. App. P. 59(a)(1)(A). The rules also allow us to reverse the trial
court judgment and remand the case for further proceedings. Tex. R. App. P. 80(b)(4). Because the
parties' settlement agreement requires replacement of the judgment of the trial court with an agreed
judgment formulated by the parties, reversal of the judgment is in accord with the settlement agreement. 
Indeed, the Panterra court presented this procedure as an option to the litigants before it determined that
it was compelled to vacate the judgment in a settled case. See Panterra, 908 S.W.2d at 301 (majority
and Duncan, J., dissenting).

 We therefore deny the joint motion to the extent that it requests dismissal of the appeal. 
We grant the motion in all other respects. We reverse the judgment of the trial court and remand the case
for proceedings necessary to implement the settlement agreement.

Before Chief Justice Carroll, Justices Aboussie and B. A. Smith

Reversed and Remanded on Joint Motion

Filed: August 14, 1997

Do Not Publish