No. 04-97-00960-CV



BRIMEX, LTD., Individually and Derivatively for Physical Rehabilitation & Therapy
Associates, L.L.C., Edge Medical Management, L.L.C., and HealthCare Executives
, Inc.,

Appellants



v.



Jeff POTTENGER, HealthCare Executives, Inc., Physical Rehabilitation & Therapy Associates,
L.L.C., and Edge Medical Management, L.L.C.,

Appellees



From the 150th Judicial District Court, Bexar County, Texas


Trial Court No. 96-CI-01071


Honorable Charles A. Gonzalez, Judge Presiding



PER CURIAM


Sitting: Tom Rickhoff, Justice

 Alma L. López, Justice

 Catherine Stone, Justice


Delivered and Filed: April 28, 1999


DISMISSED


 On December 22, 1998, the parties filed a joint motion to vacate the lower court's judgment
and to dismiss the cause, stating that they have settled the controversy. Appellees Jeff Pottenger and
Healthcare Executives, Inc. then filed a motion for sanctions, status conference, and to abate. The
appellees claimed that Appellant Brimex had filed a pleading in the trial court in a related case
denying it has settled this case. We abated the appeal and ordered the parties to file a status report
informing this court whether they have reached a settlement. We received a status report from the
appellees on February 17, indicating that the parties were still in dispute. The appellant's report,
filed February 25, indicated that the settlement agreement has been executed and performed. In
response to these reports, we informed the parties that unless a party filed a written response by
March 30, 1999, we would reinstate this appeal on the docket, dismiss the appeal, and set aside all
previous orders and judgments, both trial and appellate, as moot in light of the settlement agreement.

 We have received an advisory from appellees, stating that they do not oppose the proposed
disposition of the appeal. Appellant has not responded.

 This appeal is therefore reinstated on the docket of this court and the motion to dismiss is 
granted. See Tex. R. App. P. 42.1(a)(1). Because the cause is moot, all previous orders and
judgments, both trial and appellate, are set aside and the cause is dismissed. See Merrill Lynch,
Pierce, Fenner & Smith, Inc. v. Hughes, 827 S.W.2d 859, 859 (Tex. 1992); Exxon Corp. v. Butler,
619 S.W.2d 399, 399 (Tex. 1981); Freeman v. Burrows, 171 S.W.2d 863, 863-64 (Tex. 1943);
Panterra v. American Dairy Queen, 908 S.W.2d 300, 301 (Tex. App.--San Antonio 1995, no writ). 
Costs of appeal are taxed against the parties who incurred them. 

 PER CURIAM

DO NOT PUBLISH