No. 04-01-00149-CV



Francisco J. CABALLERO,


Appellant



v.



HEART OF TEXAS PIZZA, L.L.C.,


Appellee



From the County Court at Law No. 7, Bexar County, Texas


Trial Court No. 252508


Honorable Timothy F. Johnson, Judge Presiding



PER CURIAM


Sitting: Phil Hardberger, Chief Justice 

 Tom Rickhoff, Justice 

 Alma L. López, Justice

 Catherine Stone, Justice

 Paul W. Green, Justice

 Sarah B. Duncan, Justice

 Karen Angelini, Justice


Delivered and Filed: November 14, 2001


DISMISSED


 This case presents the court with the opportunity to revisit the disposition of cases when they
settle on appeal. 


Factual and Procedural Background

 After Francisco Caballero perfected his appeal to this court, the parties mediated and settled
their dispute. In accordance with their settlement agreement, the parties filed a joint motion to
dismiss the appeal. By the terms of the settlement Caballero agreed to pay $38,500 to Heart of Texas
Pizza--a large portion of that amount to be paid in equal monthly installments over a period of 18
months. Upon final payment of the settlement, Heart of Texas Pizza is to execute and file a release
of judgment. In the event Caballero breaches the settlement agreement, Heart of Texas Pizza may
attempt to execute on the trial court judgment. In their joint motion to dismiss the appeal, the parties
merely ask that the appeal be dismissed. 

Discussion


 In Panterra v. American Dairy Queen, 908 S.W.2d 300 (Tex. App.--San Antonio 1995, no
writ), this court followed the dictate that "[w]hen a cause becomes moot on appeal, all previous
orders and judgments should be set aside and the cause, not merely the appeal, dismissed." Id. at
300 (emphasis in original). We now carve out an exception to this general rule when the parties have
bargained for and agreed upon a full and final settlement, but wish to leave the trial court's judgment
intact as a bar to relitigation or, as here, as a means to redress a breach of the settlement agreement.

 Since our decision in Panterra, the rules of appellate procedure have changed; today, we
recognize that change. Under former Tex. R. App. P. 59(a)(1)(A), an appellate court was permitted
to grant a voluntary motion to dismiss "in accordance with an agreement signed by all parties or their
attorneys and filed with the clerk." Yet, the court's only options under former Tex. R. App. P. 80(b)
were to dispose of a case by affirming, modifying, reversing and dismissing, reversing and rendering,
or reversing and remanding. We may still grant a motion to dismiss in accordance with an
agreement signed by the parties or their attorneys and filed with the clerk--the rule is renumbered
but unchanged. See Tex. R. App. P 42.1(a)(1). Under the current rule governing disposition of
appeals, however, there are now two additional ways to dispose of an appeal. We may "vacate the
trial court's judgment and dismiss the case." Tex. R. App. P. 43.2(e). Or, we may simply "dismiss
the appeal." Tex. R. App. P. 43.2(f).

 Public policy favors settlement agreements. See Elbaor v. Smith, 845 S.W.2d 240, 250 (Tex.
1992). We are persuaded that we will foster a more conducive climate for the parties to settle by
making this change. Therefore, we now reject the reasoning in Panterra to adopt a more liberal
interpretation of the power inherent in this court to dismiss the appeal in accordance with the parties'
intentions. 

 We dismiss the appeal.

 PER CURIAM

PUBLISH