In
The

                                                Court
of Appeals

                        Sixth
Appellate District of Texas at Texarkana

 

                                                ______________________________

 

                                                             No. 06-09-00110-CV

                                                ______________________________

 

 

        WAFIA HANIF AND MOHAMMED HANIF SHAKOOR,
Appellants

 

                                                                V.

 

                        CLARKSVILLE OIL & GAS CO., INC., Appellee

 

 

                                                                                                  


 

 

                                      On Appeal from the 102nd
Judicial District Court

                                                          Red
River County, Texas

                                                       Trial Court
No. 002CV00057

 

                                                                                                   

 

 

                                          Before Morriss, C.J.,
Carter and Moseley, JJ.

                                              Memorandum Opinion by Justice Carter








                                                     MEMORANDUM 
OPINION

 

            Eight
years ago, Clarksville Oil & Gas Co., Inc. (Clarksville), sued Mohammed
Hanif Shakoor[1] in Red River
County, Texas, alleging that Shakoor had breached fuel supply contracts under
which Clarksville had supplied fuel to two service stations.  Shakoor failed to answer the suit, and the
trial court entered a default judgment against him in the amount of $145,487.43,
plus interest, and $48,000.00 in attorney’s fees.  In 2009, Clarksville filed an application for
turnover relief requesting that the trial court order Shakoor to turn over
shares in WASMA, Inc., and all related documents.  Shakoor answered the application, but failed
to appear for the hearing.  The trial
court granted Clarksville’s application, ordered Shakoor to turn over the
shares and documentation, and awarded $1,500.00 in attorney’s fees.   

            Shakoor
and his wife, Wafia Hanif, separately appeal from the turnover order.  Both contend that the trial court abused its
discretion in granting the turnover order because:  (1) Hanif, rather than Shakoor, owns the
stock; and (2) there was no evidence to support the elements of Section 31.002
of the Texas Civil Practice and Remedies Code. 

            Shakoor
separately argues that the trial court abused its discretion because there was
no evidence to support the trial court’s award of attorney’s fees.[2]   

            We
affirm the trial court’s judgment because: 
(1) the stock is presumed to be community property; (2) the trial court
did not abuse its discretion in finding that the stock is subject to the
turnover statute; and (3) the trial court properly awarded attorney’s fees. 

I.          FACTS

            After
obtaining the default judgment in 2002, an abstract of judgment was filed by
Clarksville naming Shakoor as the judgment debtor.  In November 2009, Clarksville filed an
application for turnover relief requesting that the trial court order Shakoor
to turn over shares in WASMA and all related documents.  It was alleged in the application that
Shakoor had an ownership interest in all shares of WASMA, that the stock could
not be readily attached or levied on by ordinary legal process, and that it was
not exempt from attachment, execution, or seizure by any statute.  Shakoor answered the application, asserting
that Hanif, not he, owned the WASMA stock. 
Hanif was not named in the underlying lawsuit, but she, WASMA, and the
Mohammed A. Hanif Trust filed motions in opposition to the production of
financial information Clarksville sought in regard to Shakoor, claiming that
Hanif, rather than Shakoor, owned the WASMA stock.  Neither Shakoor nor Hanif nor anyone
associated with the Mohammed A. Hanif Trust appeared at the turnover
hearing.  After the turnover hearing, the
trial court granted Clarksville’s application and ordered Shakoor to turn over
the shares and documentation.  

II.        STANDARD
OF REVIEW

            We review the granting or denial of
a turnover order for an abuse of discretion. 
Beaumont Bank, N.A. v. Buller,
806 S.W.2d 223, 226 (Tex. 1991); Tanner
v. McCarthy, 274 S.W.3d 311, 320 (Tex. App.—Houston [1st Dist.] 2008, no
pet.).  A trial court abuses its discretion
if it acts in an unreasonable or arbitrary manner.  See
Buller, 806 S.W.2d at 226.  A trial
court’s issuance of a turnover order, even if predicated on an erroneous
conclusion of law, will not be reversed for an abuse of discretion if the
judgment is sustainable for any reason.  Id. 
A trial court does not abuse its discretion if there is some evidence of
a substantive and probative character to support the decision.  Tanner,
274 S.W.3d at 321–22. 

III.       THE STOCK IS PRESUMED
TO BE COMMUNITY PROPERTY

            The
trial court found that the stock was community property.  Both Shakoor and Hanif contend that the trial
court abused its discretion in granting the turnover order because Hanif, a
nonparty, owns the stock and, therefore, it is not subject to the turnover
statute.  We disagree. 

            Property
owned or possessed by either spouse during marriage is presumed to be community
property.  Tex. Fam. Code Ann. § 3.003(a) (Vernon 2006).  In order to overcome this presumption, the
spouse claiming that certain property is separate bears the burden of tracing
the asset to prove its separate characterization.  Tex.
Fam. Code Ann. § 3.003(b) (Vernon 2006); McKinley v. McKinley, 496 S.W.2d 540, 543 (Tex. 1973).  “Any doubt as to the character of property
should be resolved in favor of the community estate.”  Garza
v. Garza, 217 S.W.3d 538, 548 (Tex. App.—San Antonio 2006, no pet.); Moroch v. Collins, 174 S.W.3d 849, 856 (Tex. App.—Dallas 2005, pet.
denied); see Boyd v. Boyd, 131 S.W.3d 605, 612 (Tex.
App.—Fort Worth 2004, no pet.).

            In
this case, the only evidence of record indicates that the stock is community
property.  Neither Shakoor nor Hanif
appeared at the turnover hearing.  The
WASMA stock certificate is dated November 2, 2001, and states that Hanif is the
owner of 1,000 shares of WASMA stock.[3]  A warranty deed shows that Shakoor and Hanif
were husband and wife as early as 1998. 
Hanif testified that she and Shakoor were still married in June 2008.  From those dates, the trial court could have
reasonably inferred that Shakoor and Hanif were married at the time she
acquired the shares in 2001.  There is no
evidence that Hanif was single or divorced at the time she acquired the stock,
and there is no evidence tracing the stock to prove its separate
characterization.  See Tex. Fam. Code Ann.
§§ 3.003(a), 3.003(b); McKinley, 496
S.W.2d at 543; Garza, 217 S.W.3d at 548.  Here, the presumption that the stock is
community property is conclusive because neither Shakoor nor Hanif produced any
rebuttal evidence.[4]  Therefore, we overrule this point of error.

IV.       THERE IS “SOME EVIDENCE” THAT THE STOCK
IS SUBJECT TO     TURNOVER UNDER SECTION
31.002 OF THE TEXAS CIVIL PRACTICE AND             REMEDIES
CODE

 

            The
trial court found that although the WASMA shares are “held in the name of Wafia
Hanif, they are subject to [Shakoor’s] control,” that they are not exempt from
seizure, and that they cannot be readily attached or levied on by ordinary
legal processes.  Both Shakoor and Hanif
argue that there was no evidence to support these elements of the turnover
statute.  We disagree. 

            Section
31.002 of the Texas Civil Practice and Remedies Code governs a trial court’s
entry of a turnover order.  See Tex.
Civ. Prac. & Rem. Code Ann. § 31.002 (Vernon 2008) (the “turnover
statute”).  Pursuant to Section
31.002(a), a judgment creditor is entitled to receive aid from a court to reach
property to obtain satisfaction on a judgment “if the judgment debtor owns
property, including present or future rights to property, that . . . cannot
readily be attached or levied on by ordinary legal process, and . . . is not
exempt from attachment, execution, or seizure for the satisfaction of
liabilities.”  Tex. Civ. Prac. & Rem. Code Ann. § 31.002(a).  The turnover statute applies to property
within the judgment debtor’s possession or subject to his or her control.  Tex.
Civ. Prac. & Rem. Code Ann. § 31.002(b)(1).

            Section
31.002 authorizes a turnover order only upon proof of the necessary facts.  Tanner,
274 S.W.3d at 322; Main Place Custom
Homes, Inc. v. Honaker, 192 S.W.3d 604, 628 (Tex. App.––Fort Worth 2006, no
pet.).  The judgment creditor must prove
that (1) the judgment debtor owns, possesses, or controls the property, (2) the
judgment creditor cannot readily attach or levy on the property by ordinary legal
process, and (3) the property is not exempt from attachment, execution, or
seizure for the satisfaction of liabilities. 
See Tex. Civ. Prac. & Rem. Code Ann. § 31.002(a)(1), (2),
(b)(1); Tanner, 274 S.W.3d at 322; Criswell v. Ginsberg & Foreman, 843
S.W.2d 304, 306 (Tex. App.—Dallas 1992, no writ).  Section 31.002(a) does not 

specify, or restrict, the manner in which evidence
may be received in order for a trial court to determine whether the conditions
of section 31.002(a) exist, nor does it require that such evidence be in any
particular form, that it be at any particular level of specificity, or that it
reach any particular quantum before the court may grant aid under section
31.002.  

 

Tanner, 274 S.W.3d at 322. 
However, for a judgment creditor to prove these three elements, he or
she must introduce more evidence than just a motion for turnover.  The statute requires a factual showing that
the judgment debtor has nonexempt property that is not readily subject to
ordinary execution.  Schultz v. Fifth Judicial Dist. Court of Appeals at Dallas, 810
S.W.2d 738, 740 (Tex. 1991).

            Both
Shakoor and Hanif argue that Clarksville failed to produce evidence to fulfill
the elements of Section 31.002.  We will
address each of the three elements separately.

            A.        Shakoor’s
Control Over the Property

            As
per our ruling hereinabove, the WASMA stock is community property.  Community property is further characterized
as either joint management community property or as sole management community
property of either spouse.  Tex. Fam. Code Ann. § 3.102; Brooks v. Sherry Lane Nat’l Bank, 788
S.W.2d 874, 876 (Tex. App.––Dallas 1990, no writ).  Unless both spouses are personally liable,
the community property subject to a spouse’s sole management, control, and
disposition is not subject to nontortious liabilities that the other spouse
incurred during marriage.  Tex. Fam. Code Ann. § 3.202(b)(2)
(Vernon Supp. 2009).  On the other hand,
joint management community property is subject to seizure, attachment, or
turnover to satisfy a spouse’s judgment debt. 
Tex. Civ. Prac. & Rem. Code
Ann. § 31.002(b)(1); Tex.
Fam. Code Ann. § 3.202(c) (Vernon Supp. 2009).  

            There
is a rebuttable presumption that community property is subject to the joint
management, control, and disposition of both spouses unless the parties provide
otherwise in writing or other agreement. 
See Tex. Fam. Code Ann. § 3.102(b), (c).  “In general, community property is subject to
‘joint management, control, and disposition of the spouses unless the spouses
provide otherwise by power of attorney in writing or other agreement.’”  Wright v. Wright, 280 S.W.3d 901, 910 (Tex.
App.––Eastland 2009, no pet.) (citing Tex.
Fam. Code Ann. § 3.102(c)).   The question before us is whether Shakoor or
Hanif successfully rebutted the presumption of joint management.

            Section
3.104 states that the property held in one spouse’s name is presumed to be sole
management community property.  Tex. Fam. Code Ann. § 3.104 (Vernon 2006). 
 “As its title ‘Protection of Third
Persons’ reflects, Section 3.104 primarily addresses a community property
transfer from the standpoint of a third party.”   Wright, 280 S.W.3d at 910.[5]  

            Here,
the case does not involve a third-party transaction regarding the stock;
therefore, Section 3.104 is inapplicable.  The only probative evidence before the trial
court regarding ownership, management, and control over the WASMA stock are
portions of Hanif’s deposition testimony and the stock certificate itself.  Hanif is listed as the owner of the 1,000
shares of WASMA stock, and in 2002, she became the president and owner of
WASMA, the company that owns the two service stations that were the basis of
the underlying lawsuit.  However, Hanif
testified that she does not manage, operate, or make any decisions for WASMA,
and in fact, does not do anything for WASMA, but that Shakoor and her son
traveled to the stations several times per week.[6]  Hanif had “no idea” who kept the documents
discussed in her deposition, but testified that it “may be” Shakoor or their
son.  Shakoor produced a copy of the
stock certificate and attached it to a pleading. 

            At
most, the evidence is in conflict.  This
Court is not a fact-finder and may not pass on the credibility of the witnesses
or substitute its judgment for that of the trier of fact.  Mar.
Overseas Corp. v. Ellis, 971 S.W.2d 402, 407 (Tex. 1998); Bellefonte Underwriters Ins. Co. v. Brown,
704 S.W.2d 742, 744–45 (Tex. 1986) (findings of fact are exclusive province of
jury or trial court).  It is not within
the province of this Court to interfere with the fact-finder’s resolution of
conflicts in the evidence, or to pass on the weight or credibility of the
witnesses’ testimony.  Sw. Airlines Co. v. Jaeger, 867 S.W.2d
824, 830–31 (Tex. App.—El Paso 1993, writ denied), rev’d on other grounds by Dallas Mkt. Ctr. Dev. Co. v. Liedeker,
958 S.W.2d 382 (Tex. 1997).  Where there
is conflicting evidence, the fact-finder’s verdict on such matters is generally
regarded as conclusive.  Edmunds v. Sanders, 2 S.W.3d 697, 703
(Tex. App.—El Paso 1999, pet. denied); see
Pool v. Ford Motor Co., 715 S.W.2d 629, 634 (Tex. 1986).  Here, the trial court had sufficient evidence
from which it could reasonably infer and decide that Hanif did not know the
location of the stock certificate or the WASMA corporate documents, that Hanif
was nothing more than a figurehead president and stock owner, and that Shakoor
actually operated the stations and controlled the stock and the company.  Therefore, the trial court was within its
discretion to determine that the stock was subject to Shakoor’s sole or joint
possession or control and subject to this liability incurred during the marriage.  Tex.
Fam. Code Ann. § 3.202(c).  

            B.        Stock
Cannot be Readily Attached or Seized by Ordinary Legal Process

            Committee
reports from the Texas House and Senate state the turnover statute was enacted
to provide judgment creditors with a remedy to reach a judgment debtor’s
nonexempt property in cases where traditional methods had proved to be
inadequate, including situations where the debtor owns interests in other
property that could be easily hidden from a levying officer, such as negotiable
instruments, corporate stocks, and corporate securities.  See
Davis v. Raborn, 754 S.W.2d 481, 483–84 (Tex. App.—Houston [1st Dist.]
1988), vacated upon settlement, 795
S.W.2d 716 (Tex. 1990) (citing David Hittner, Texas Post-Judgment Turnover and Receivership Statutes, 45 Tex. B.J. 417 (1982)).  Caselaw has confirmed that shares of stock
cannot be readily attached or levied on by ordinary legal process.  See
Arndt v. Nat’l Supply Co., 650 S.W.2d 547, 549 (Tex. App.—Houston [14th Dist.]
1983, writ ref’d n.r.e.).  Therefore, the
trial court did not abuse its discretion in finding that the shares of WASMA
stock could not be readily attached or levied on by ordinary legal process. 

            C.        Not
Exempt from Seizure

            While
both Shakoor and Hanif contend that Clarksville failed to produce evidence that
the stock was not exempt from seizure, neither specifically contend that the
WASMA shares are exempt.[7]  However, as a matter of law, shares of stock,
be they certificated or uncertificated, are not exempt from attachment,
execution, or seizure to satisfy a debt. 
Tex. Bus. & Com. Code Ann.
§ 8.112 (Vernon 2002).  Further,
Section 8.112(a) states that “[t]he interest of a debtor in a certificated
security may be reached by a creditor only by actual seizure of the security certificate.”  Tex.
Bus. & Com. Code Ann. § 8.112(a) (emphasis added).  Therefore, the trial court did not abuse its
discretion in finding that the WASMA shares were not exempt from seizure. 

            For
the foregoing reasons, we find that there is “some evidence of a substantive
and probative character to support” the trial court’s decision to grant the
turnover order and we overrule this point of error.  Tanner,
274 S.W.3d at 321–22. 

V.        The
Trial Court’s Award of Attorney’s Fees Was Proper

            Shakoor and Hanif both argue that
the trial court abused its discretion in awarding $1,500.00 in attorney’s fees
to Clarksville.  We disagree. 

            Section
31.002(e) of the Texas Civil Practice and Remedies Code states that a judgment
creditor “is entitled to recover reasonable costs, including attorney’s
fees.”  The recovery of attorney’s fees
under Section 31.002 is governed by Texas Civil Practice and Remedies Code
Sections 38.001, 38.003, and 38.004.  Tex. Civ. Prac. & Rem. Code Ann. §§
38.001, 38.003, 38.004 (Vernon 2008); Burns, 948 S.W.2d at 327.  The court may take judicial notice of the
usual and customary attorney’s fees without receiving further evidence.  Tex.
Civ. Prac. & Rem. Code Ann. § 38.004.  Usual and customary attorney’s fees for a
claim presented under Section 38.001 are presumed reasonable unless
rebutted.  Tex. Civ. Prac. & Rem. Code Ann. § 38.003; Allstate Ins. Co. v. Lincoln, 976 S.W.2d
873, 877 (Tex. App.—Waco 1998, no pet.). 
Chapter 38 is to be liberally construed to affect its underlying purpose
of discouraging the unnecessary litigation or defense of a claim.  Tex.
Civ. Prac. & Rem. Code Ann. § 38.005 (Vernon 2008); McKinley v. Drozd, 685 S.W.2d 7, 11
(Tex. 1985). 

            In
this case, by awarding a default judgment, the trial court established that
Clarksville is a judgment creditor for purposes of the turnover statute.  See
Tex. Civ. Prac. & Rem. Code Ann.
§ 31.002.  Here, Clarksville was
successful in obtaining a turnover order, and it is well established that a
judgment creditor that is successful in a turnover proceeding is entitled to
attorney’s fees.  Tex. Civ. Prac. & Rem. Code Ann. § 38.002 (Vernon 2008); Lesikar v. Rappeport, 104 S.W.3d 310
(Tex. App.—Texarkana 2003, pet. denied); Great
Global Assurance Co. v. Keltex Props., Inc., 904 S.W.2d 771, 776 (Tex.
App.—Corpus Christi 1995, no writ); Boudreaux
Civic Ass’n v. Cox, 882 S.W.2d 543, 550 (Tex. App.—Houston [1st Dist.]
1994, no writ); Daniels v. Pecan Valley
Ranch, Inc., 831 S.W.2d 372, 386 (Tex. App.—San Antonio 1992, writ
denied).  Further, the trial court found
$1,500.00 “to be a fair and reasonable fee for the time and work expended.”  See
Thomas v. Thomas, 917 S.W.2d 425, 437 (Tex. App.—Waco 1996, no writ).  Therefore, the award was proper, and we
overrule this point of error.  

            For the foregoing reasons, we affirm
the order of the trial court.

 

 

 

                                                                        Jack
Carter

                                                                        Justice

 

Date Submitted:          April 15, 2010

Date Decided:             May 27, 2010











[1]Shakoor
is also known as Mohammed Hanif; however, the record is unclear whether Shakoor
and Mohammed A. Hanif is the same person. 


 





[2]Hanif
separately argues that the trial court abused its discretion by granting
turnover relief against a nonparty. However, that point of error is not ripe
for our consideration because the turnover order does not order any nonparty to
act; rather, it orders Shakoor, a party to the underlying action, to turn over
the stock and its accompanying documents. 


 





[3]The
trial court took judicial notice of the stock and its issuance to Hanif.

 





[4]Further,
there is no evidence that the stock certificate was derived from Hanif’s
personal earnings, revenue from separate property, recovery for personal injury,
or increases or mutations thereof.  See Tex.
Fam. Code Ann. § 3.102
(Vernon 2006) (allowing each spouse to solely manage such community property he
or she would have owned if single). 





[5]See
also Sembera v. Petrofac Tyler, Inc., 253 S.W.3d 815, 830–31 (Tex. App.––Tyler
2008, pet. denied) (applying the presumption of 3.104 to the sale of
stock to a third party); see also Lemaster v. Top Level Printing Ink, Inc.,
136 S.W.3d 745, 747–48 (Tex. App.––Dallas 2004, no pet.) (3.104 presumption is
applicable to stock purchase agreement with third party); Jean v. Tyson-Jean,
118 S.W.3d 1, 5 (Tex. App.––Houston [14th Dist.] 2003, pet. denied) (3.104
presumption trumped 3.102 presumption in real estate transaction between
deceased deed holder and third parties).

 





[6]The
record is unclear as to what functions or duties Shakoor or the son performed
at the stations. 





[7]If
a judgment debtor claims that an asset is exempt, it is the debtor’s burden to
prove the exemption.  Pillitteri v. Brown, 165 S.W.3d 715, 722–23
(Tex. App.––Dallas 2004, no pet.) (citing Burns
v. Miller, Hiersche, Martens & Hayward, P.C., 948 S.W.2d 317, 324 (Tex.
App.––Dallas 1997, pet. denied)); see
also Dale v. Fin. Am. Corp., 929 S.W.2d 495, 498–99 (Tex. App.––Fort Worth
1996, writ denied).