**VACATE and DISMISS and Opinion Filed March 6, 2020**



In The

**Court of Appeals**
**Fifth District of Texas at Dallas**

_____

**No. 05-18-01333-CV**
_____

**IN RE BRUCE BISHOP, ASHLEY HUTCHESON, DALLAS COUNTY REPUBLICAN PARTY, AND MISSY SHOREY, Relators**

**Original Proceeding from the 68th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-18-14298**

## MEMORANDUM OPINION

**Before the Court En Banc**[1]
Opinion by Chief Justice Burns

After a panel of this Court issued its opinion and order in this case, real party in interest Margaret O'Brien filed a motion for reconsideration en banc. A majority of the Court voted to reconsider the case and we submitted the case to the en banc court without oral argument on May 30, 2019. Thereafter, relators filed a letter informing the Court that the parties had settled the matter, had received the trial

---

[1] Molberg, J., concurring, joined by Burns, C.J., Osborne, Partida-Kipness, Reichek, Nowell, and Carlyle, JJ.

Bridges, J., concurring and dissenting, joined by Myers, Evans, Whitehill, and Schenck, JJ.

Whitehill, J. dissenting, joined by Bridges, J.

Schenck, J., dissenting, joined by Bridges and Evans, JJ.

Pedersen, J., not participating.

court's order of dismissal with prejudice, and considered this matter closed and settled. We treat relators' letter as a motion to dismiss, grant the motion, and dismiss the case. *See* TEX. R. APP. P. 42.1(1). We do so, not because we determined "to abandon the en banc proceedings based on the settlement," as one dissent suggests, but rather because we are required to do so. *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Hughes,* 827 S.W.2d 859, 859 (Tex. 1992) ("It is axiomatic that appellate courts do not decide cases in which no controversy exists between the parties. . . . [I]f no controversy continues to exist between the parties, the appeal is moot and this court must dismiss the cause.") (internal quotation and alteration omitted).

Because the Court had issued an opinion, rule 42.1(c) requires this Court to determine whether we will withdraw the opinion. *See* TEX. R. APP. P. 42.1(c). Settlement does not automatically require vacating a prior opinion. Rather, in determining whether to do so, we must exercise discretion. In doing so, we consider the public interest in stare decisis. *See Houston Cable TV, Inc. v. Inwood West Civic Ass'n*, 860 S.W.2d 72, 73 (Tex. 1993) (per curiam). Judicial precedents are presumptively correct and valuable to the legal community as a whole; they are not merely the property of private litigants and should stand unless a court concludes that the public interest would be served by a vacatur. *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 26–27 (1994).

Here, a majority of the Court has determined the public interest is best served by vacatur. Therefore, we withdraw our December 17, 2018 opinion, vacate the December 17, 2018 order, and dismiss this proceeding.[2]

/Robert D. Burns, III/
ROBERT D. BURNS, III
CHIEF JUSTICE

181333F.P05

---

[2] Contrary to one dissent's assertion, it is not unprecedented for an en banc court to order withdrawal of a prior panel opinion. *See, e.g., WesternGeco Res., Inc. v. Burch*, 317 S.W.3d 555, 555 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (en banc) (per curiam).