

# NUMBER 13-21-00464-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

ALEJANDRO J. BETANCOURT, M.D.,                                    Appellant,

v.

MALLORY COTTON AND JERAMY BRIDGES,
INDIVIDUALLY, AND AS NEXT FRIENDS,
NATURAL PARENTS, AND AS WRONGFUL
DEATH BENEFICIARIES OF BABY BOY BRIDGES,              Appellees.

### On appeal from the 103rd District Court
### of Cameron County, Texas.

# MEMORANDUM OPINION

**Before Chief Justice Contreras and Justices Benavides and Tijerina
Memorandum Opinion by Justice Benavides**

In this interlocutory appeal from the denial of a motion to dismiss under Chapter

74 of the Texas Civil Practice & Remedies Code, appellant Alejandro J. Betancourt, M.D.

has filed an unopposed motion to dismiss the appeal as moot. We grant the motion and dismiss the appeal for want of jurisdiction.

## I. BACKGROUND

Appellees Mallory Cotton and Jeramy Bridges filed health care liability claims against Betancourt and other medical providers concerning the death of their minor son. The trial court denied Betancourt's challenge to the sufficiency of appellees' expert report, and Betancourt filed this interlocutory appeal.

During the pendency of this appeal, appellees amended their expert report, Betancourt filed another motion to dismiss based on the adequacy of the new report, and the trial court again denied Betancourt's motion. We granted Betancourt's motion to abate and stay this appeal until May 18, 2022, so that the appellate record could be supplemented to reflect those proceedings. Betancourt elected to file a separate notice of appeal from the trial court's most recent order, and that interlocutory appeal is pending in our Court under appellate cause number 13-22-00132-CV.

Betancourt has now filed unopposed motions to dismiss both appeals, informing the Court that appellees have dismissed their claims against Betancourt with prejudice. Betancourt has provided the Court with a copy of an "Agreed Order of Dismissal" signed by the trial court.

## II. MOOTNESS

An appellate court may dismiss an appeal in accordance with an appellant's motion so long as the dismissal would not prevent another party from seeking relief to which it

would otherwise be entitled. TEX. R. APP. P. 42.1(a)(1). In such cases, the appeal becomes moot because there is no longer a controversy between the parties regarding the subject matter of the appeal. *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Hughes*, 827 S.W.2d 859, 859 (Tex. 1992) (per curiam). Appellees are not seeking affirmative relief in this appeal; therefore, we may dismiss the appeal as moot. *See* TEX. R. APP. P. 42.1(a)(1); *Merrill Lynch*, 827 S.W.2d at 859.

Moreover, "[a]ppeals of some interlocutory orders become moot because the orders have been rendered moot by subsequent orders." *Hernandez v. Ebrom*, 289 S.W.3d 316, 319 (Tex. 2009) (citing *Richards v. Mena*, 820 S.W.2d 372, 372 (Tex. 1991); *Lincoln Prop. Co. v. Kondos*, 110 S.W.3d 712, 715 (Tex. App.—Dallas 2003, no pet.)) Here, the "Agreed Order of Dismissal" signed by the trial court extinguished the controversy between the parties *in toto*. *See Gen. Land Off. v. OXY U.S.A., Inc.*, 789 S.W.2d 569, 570 (Tex. 1990) (holding appeal mooted by order granting plaintiff's motion to dismiss underlying suit); *see also City of Alamo v. Castillo*, No. 13-19-00038-CV, 2019 WL 2293582, at *1 (Tex. App.—Corpus Christi–Edinburg May 30, 2019, no pet.) (mem. op.). When an appeal becomes moot, the appellate court should dismiss the appeal for want of jurisdiction. *Tex. Dep't of Fam. & Protective Servs. v. N.J.*, No. 20-0940, 2022 WL 1194360, at *2 (Tex. Apr. 22, 2022) (citing *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 162 (Tex. 2012)).

### III.    CONCLUSION

Accordingly, having considered Betancourt's unopposed motion and his

3

supporting documentation, we reinstate the appeal, grant the motion, and dismiss the appeal for want of jurisdiction.

GINA M. BENAVIDES
Justice

Delivered and filed on the
5th day of May, 2022.

4