Francisco J. CABALLERO, Appellant,

v.

HEART OF TEXAS PIZZA, L.L.C., Appellee.

No. 04–01–00149–CV.

Court of Appeals of Texas, San Antonio.

Nov. 14, 2001.

David W. Rogers, Trent C. Rowell, Law Offices of Dave Rogers, Inc., San Antonio, for Appellant.

Lawrence A. Waks, Robyn A. Frohlin, Jackson Walker, L.L.P., Austin, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice, TOM RICKHOFF, Justice, ALMA L. LÓPEZ, Justice, CATHERINE STONE, Justice, PAUL W. GREEN, Justice, SARAH B. DUNCAN, Justice and KAREN ANGELINI, Justice.

PER CURIAM.

This case presents the court with the opportunity to revisit the disposition of cases when they settle on appeal.

### FACTUAL AND PROCEDURAL BACKGROUND

After Francisco Caballero perfected his appeal to this court, the parties mediated and settled their dispute. In accordance with their settlement agreement, the parties filed a joint motion to dismiss the appeal. By the terms of the settlement Caballero agreed to pay $38,500 to Heart of Texas Pizza—a large portion of that amount to be paid in equal monthly installments over a period of 18 months. Upon final payment of the settlement, Heart of Texas Pizza is to execute and file a release of judgment. In the event Caballero breaches the settlement agreement, Heart of Texas Pizza may attempt to execute on the trial court judgment. In their joint motion to dismiss the appeal, the parties merely ask that the appeal be dismissed.

### DISCUSSION

In *Panterra v. American Dairy Queen*, 908 S.W.2d 300 (Tex.App.—San Antonio 1995, no writ), this court followed

the dictate that "[w]hen a cause becomes moot on appeal, *all previous orders and judgments should be set aside* and the cause, *not merely the appeal,* dismissed." *Id.* at 300 (emphasis in original). We now carve out an exception to this general rule when the parties have bargained for and agreed upon a full and final settlement, but wish to leave the trial court's judgment intact as a bar to relitigation or, as here, as a means to redress a breach of the settlement agreement.

Since our decision in *Panterra,* the rules of appellate procedure have changed; today, we recognize that change. Under former TEX.R.APP. P. 59(a)(1)(A), an appellate court was permitted to grant a voluntary motion to dismiss "in accordance with an agreement signed by all parties or their attorneys and filed with the clerk." Yet, the court's only options under former TEX. R.APP. P. 80(b) were to dispose of a case by affirming, modifying, reversing and dismissing, reversing and rendering, or reversing and remanding. We may still grant a motion to dismiss in accordance with an agreement signed by the parties or their attorneys and filed with the clerk— the rule is renumbered but unchanged. *See* TEX.R.APP. P. 42.1(a)(1). Under the current rule governing disposition of appeals, however, there are now two additional ways to dispose of an appeal. We may "vacate the trial court's judgment and dismiss the case." TEX.R.APP. P. 43.2(e). Or, we may simply "dismiss the appeal." TEX.R.APP. P. 43.2(f).

Public policy favors settlement agreements. *See Elbaor v. Smith,* 845 S.W.2d 240, 250 (Tex.1992). We are persuaded that we will foster a more conducive climate for the parties to settle by making this change. Therefore, we now reject the reasoning in *Panterra* to adopt a more liberal interpretation of the power inherent in this court to dismiss the appeal in accordance with the parties' intentions.

We dismiss the appeal.