No. 04-98-00873-CV



LONG DISTANCE INTERNATIONAL, INC., et al.,


Appellants



v.



TELEFONOS DE MEXICO, S.A., et al.,


Appellees



From the 150th Judicial District Court, Bexar County, Texas


Trial Court No. 96-CI-08912


Honorable Janet Littlejohn, Judge Presiding



PER CURIAM


Sitting: Phil Hardberger, Chief Justice

 Alma L. López, Justice

 Sandee Bryan Marion, Justice


Delivered and Filed: August 30, 2002


DISMISSED

 Pending before the court are the motions for rehearing and motions for en banc
reconsideration filed by appellee Telefonos De Mexico, S.A. and appellees SBC International, Inc.
and SBC Communications Inc., together with the responses and replies to those motions. On July
9, 2002, the parties requested that this court stay any action on the motions for thirty days pending
settlement negotiations.

 On August 22, 2002, the parties filed a joint motion stating that the parties have compromised
and settled all claims and issues between them. The parties request that we withdraw our prior
opinion and dismiss the appeal. The parties recognize that this court has the discretion to determine
whether to withdrawn our previously issued opinion. See Tex. R. App. P. 42.1(c).

 In Caballero v. Heart of Texas Pizza, L.L.C., 70 S.W.3d 180, 181 (Tex. App.--San Antonio
2001, no pet.), this court adopted "a more liberal interpretation of the power inherent in this court
to dismiss [an] appeal in accordance with the parties' intentions." Accordingly, we carved out an
exception to our general rule that would require all previous orders and judgments to be set aside
when a cause became moot on appeal. See id. This exception applies "when the parties have
bargained for and agreed upon a full and final settlement, but wish to leave the trial court's judgment
intact as a bar to relitigation or . . . as a means to redress a breach of the settlement agreement." Id.
The parties request that we apply this exception and leave the trial court's underlying judgment intact.

 Because "[p]ublic policy favors settlement agreements," we grant the joint motion. Id. Our
opinion and judgment dated March 13, 2002, are withdrawn, and we dismiss this appeal. In view of
the dismissal, the pending motions for rehearing and motions for en banc reconsideration are rendered
moot. Costs of the appeal are taxed against the parties who incurred them.


 PER CURIAM

DO NOT PUBLISH