

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-16-00001-CV

BRAUMS, INC.                                                                    APPELLANT

V.

ANGELITA SIFUENTES                                                              APPELLEE

----------

### FROM THE 17TH DISTRICT COURT OF TARRANT COUNTY
### TRIAL COURT NO. 017-270194-14

----------

## MEMORANDUM OPINION[1]

----------

We have considered the parties' "Joint Motion to Vacate and Render Judgment Pursuant to Settlement," which requests that we vacate the trial court's judgment and render judgment dismissing the cause, not the appeal, with

---

[1]*See* Tex. R. App. 47.4.

prejudice, with each party bearing its own costs.[2]  While we cannot both vacate the trial court's judgment and dismiss the appeal,[3] the appellate rules allow us to render judgment vacating the trial court's judgment and dismissing the case, whether that rendition occurs after we consider the merits of the appeal[4] or in effectuating the parties' settlement agreement.[5]

We note that a prior memorandum opinion of this court appearing to hold to the contrary disposed of a motion requesting relief beyond merely vacating the

---

[2]*See* Tex. R. App. P. 42.1(a)(2)(A).

[3]*Metro Games, Inc. v. Boomerjack Ventures, LLC*, No. 02-13-00407-CV, 2013 WL 6871921, at *1 (Tex. App.—Fort Worth Dec. 27, 2013, no pet.) (mem. op.); *Cunningham v. Cunningham*, No. 02-08-00362-CV, 2008 WL 5479677, at *1 & n.2 (Tex. App.—Fort Worth Oct. 30, 2008, no pet.) (mem. op.); *Singh v. Hansen*, No. 08-06-00188-CV, 2007 WL 274208, at *1 (Tex. App.—El Paso Feb. 1, 2007, no pet.) (mem. op.); *see* Tex. R. App. P. 42.1(a)(2)(A), (B), 43.2(e), (f).

[4]Tex. R. App. P. 43.2(e); *see, e.g., Dallas Cty. v. Posey*, 290 S.W.3d 869, 872 (Tex. 2009); *Arlington ISD v. Kellam*, No. 02-05-00322-CV, 2006 WL 240276, at *1 (Tex. App.—Fort Worth Feb. 2, 2006, no pet.) (mem. op.).

[5]Tex. R. App. 42.1(a)(2)(A), 43.2(e); *see, e.g., The Hous. Auth. of the City of El Paso v. Alvarado*, No. 08-03-00113-CV, 2004 WL 1218741, at *1 (Tex. App.—El Paso June 3, 2004, no pet.) (mem. op.); *Caballero v. Heart of Tex. Pizza, L.L.C.*, 70 S.W.3d 180, 181 (Tex. App.—San Antonio 2001, no pet.); *see also Denar, LLC v. Denny's, Inc.*, No. 02-06-00084-CV, 2006 WL 2382887, at *1 (Tex. App.—Fort Worth Aug. 17, 2006, no pet.) (mem. op.); *Shoemake v. Watson*, 181 S.W.3d 870, 870 (Tex. App.—Dallas 2006, no pet.); *Penn Treaty Network Amer. Ins. Co. v. Money Servs., Inc.*, No. 02-03-00050-CV, 2003 WL 2006830, at *1 (Tex. App.—Fort Worth May 1, 2003, no pet.) (mem. op.); *Minns v. Comm'n for Lawyer Discipline*, 252 S.W.3d 421, 421 (Tex. App.—Houston [1st Dist.] 2000, no pet.).

trial court's judgment and dismissing the case.[6]  Specifically, in *Bonney v. Scott*, the parties sought dismissal of the case and the vacatur of both the trial court's judgment and this court's prior judgment without withdrawal of the corresponding memorandum opinion on the merits.[7]  We do not have such additional complications here.

Accordingly, the parties' joint motion is granted.  Without regard to the merits and effectuating the parties' settlement agreement, we vacate the trial court's judgment and dismiss the cause with prejudice.[8]

---

[6] *See Bonney v. Scott*, No. 02-08-00124-CV, 2009 WL 1905137, at *1 (Tex. App.—Fort Worth July 2, 2009, no pet.) (mem. op.).

[7] *See id.*

[8] *See* Tex. R. App. 42.1(a)(2)(A), 43.2(e); *see, e.g.*, *Patterson v. Tolbert*, No. 05-15-01372-CV, 2015 WL 8013659, at *1 (Tex. App.—Dallas Dec. 7, 2015, no pet.) (mem. op.); *Metro. Park Mgmt., LLC v. Hyman*, No. 09-15-00033-CV, 2015 WL 5604447, at *1 (Tex. App.—Beaumont Sept. 24, 2015, no pet.) (mem. op.); *Felder v. Woodlen Glen Apartments*, No. 01-15-00079-CV, 2015 WL 2437881, at *1 (Tex. App.—Houston [1st Dist.] May 21, 2015, no pet.) (mem. op.); *Hewitt v. Austin Hi-Tech Restoration, Inc.*, No. 03-13-00856-CV, 2014 WL 1018161, at *1 (Tex. App.—Austin Mar. 11, 2014, no pet.) (mem. op.); *TX Med. Office, LP v. Tenet Health Sys. Hosps., Inc.*, No. 08-12-00263-CV, 2013 WL 4506409, at *1 (Tex. App.—El Paso Aug. 21, 2013, no pet.) (mem. op.); *Sheerin v. N. Nat. Gas Co.*, No. 04-12-00333-CV, 2013 WL 164522, at *1 (Tex. App.—San Antonio Jan. 16, 2013, no pet.) (mem. op.); *Trading Fair IV, Inc. v. FH Partners, LLC*, No. 10-12-00184-CV, 2012 WL 4243717, at *1 (Tex. App.—Waco Sept. 20, 2012, no pet.) (mem. op.); *Sulzer Orthopedics Inc. v. Rupp*, No. 13-01-00844-CV, 2009 WL 1238506, at *1 (Tex. App.—Corpus Christi May 7, 2009, no pet.) (mem. op.); *Plescia v. Seelye*, No. 14-07-00758-CV, 2008 WL 1838649, at *1 (Tex. App.—Houston [14th Dist.] Apr. 24, 2008, no pet.) (mem. op.); *Smith Int'l, Inc. v. Bustamante*, No. 07-08-00059-CV, 2008 WL 1721550, at *1 (Tex. App.—Amarillo Apr. 14, 2008, no pet.) (mem. op.); *Sloan v. Palacious*, No. 12-

Also relying on the settlement agreement, we order that each party shall bear its own costs of the appeal, for which let execution issue.[9]

/s/ Lee Ann Dauphinot
LEE ANN DAUPHINOT
JUSTICE

PANEL:  DAUPHINOT, GARDNER, and WALKER, JJ.

DELIVERED:  February 25, 2016

---

01-00003-CV, 2001 WL 1429424, at *1 (Tex. App.—Tyler Nov. 14, 2001, no pet.) (not designated for publication).

[9]*See* Tex. R. App. P. 42.1(a)(2)(A), (d), 43.4.