Opinion by: Rebeca C. Martinez, Justice
In the underlying lawsuit, Jennifer L. Zuniga sued Christopher J. Medina for negligence and gross negligence to recover damages she sustained when the vehicle Medina was driving struck Zuniga from behind as she was walking. Zuniga also sued Medina's parents for negligent entrustment. Based on the jury's verdicts, Zuniga was awarded damages against Medina, but a take nothing judgment was entered with regard to her claim against Medina's parents. Zuniga and Medina both appeal.
In her appeal, Zuniga complains about the trial court's decision to order separate trials on her claims against Medina and her claim against Medina's parents. Medina asserts three issues in his cross-appeal contending: (1) the evidence is legally insufficient to support the jury's finding that he was grossly negligent; and (2) the trial court erred in granting Zuniga's motion requesting attorney's fees and expenses pursuant to Texas Rule of Civil Procedure 215.4(b) or, in the alternative, the trial *64 court erred in determining the amount of expenses Zuniga should be awarded.
GROSS NEGLIGENCE
In his first issue, Medina contends the evidence is legally insufficient to support the jury's finding that he was grossly negligent.
A. Gross Negligence and Standard of Review
Gross negligence involves two components: an objective component and a subjective component. Reeder v. Wood Cty. Energy, LLC , 395 S.W.3d 789, 796 (Tex. 2012) ; Lee Lewis Const., Inc. v. Harrison , 70 S.W.3d 778, 785 (Tex. 2001). First, viewed objectively from the actor's standpoint, the act or omission complained of must involve an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Lee Lewis Const., Inc. , 70 S.W.3d at 785. Second, the actor must have actual, subjective awareness of the risk involved, but nevertheless proceed in conscious indifference to the rights, safety, or welfare of others. Id.
Gross negligence must be proven by clear and convincing evidence. Columbia Med. Ctr. of Las Colinas, Inc. v. Hogue , 271 S.W.3d 238, 248 (Tex. 2008). In a legal sufficiency review, we review all of the evidence in the light most favorable to the jury's finding to determine whether a reasonable trier of fact could have formed a firm belief or conviction that Medina's conduct deviated so far from the standard of care as to create an extreme risk and Medina was subjectively aware, but consciously indifferent to, this risk. Id. Some evidence of simple negligence is not evidence of gross negligence. Lee Lewis Const., Inc. , 70 S.W.3d at 785. Conversely, some evidence of care does not defeat a gross-negligence finding. Id. Circumstantial evidence is sufficient to prove either element. Id.
B. Extreme Degree of Risk
Medina challenges the legal sufficiency of the evidence to support the first element of Zuniga's gross negligence claim in two sentences in a footnote of his brief. We will assume for purposes of our opinion that the footnote properly briefed this issue.
"The first element, 'extreme risk,' means not a remote possibility of injury or even a high probability of minor harm, but rather the likelihood of serious injury to the plaintiff." Lee Lewis Const., Inc. , 70 S.W.3d at 785. "[T]he risk must be examined prospectively from the perspective of the actor, not in hindsight." Columbia Med. Ctr. of Las Colinas, Inc. , 271 S.W.3d at 248.
Viewing the evidence in the light most favorable to Zuniga, Medina stopped his truck on a side road just before the entrance to a school parking lot to speak with two friends who were standing at the passenger side of Medina's truck. A friend in another vehicle approached Medina from behind and honked because Medina was blocking the path to the parking lot entrance.
After the other vehicle honked, Medina proceeded to "mess" with the other driver by shifting his truck into reverse and backing toward the other vehicle before shifting into drive and entering the parking lot. Medina accelerated rapidly through the parking lot, reaching a speed of 24 miles per hour. In order to reach a speed of 24 miles per hour, Zuniga's accident reconstructionist, Dr. Jahan Eftekhar, testified the accelerator pedal must have been pressed almost to the floor. Although the parking lot did not have a posted speed limit sign, evidence was introduced to show the speed limit was 10 miles per hour.
*65 As Medina approached the exit to the parking lot intending to turn right on the roadway, Medina decreased his speed to approximately 19 miles per hour, but he did not stop at the exit. Medina looked only to his left and struck Zuniga as he accelerated while turning right to exit. Although Medina attempted to brake prior to the impact, he effectively braked after the impact.
A video taken by a camera on the school campus showed Medina's vehicle stopped while Medina spoke to his friends, the vehicle pulling up behind him, and Medina driving through the parking lot. The video also showed the number of people in the area. Although the events occurred on a Sunday, Medina testified he was aware other people were on campus, primarily to feed livestock as part of an agricultural program. The video did not, however, show the parking lot exit or the impact of Medina hitting Zuniga. Photographs from the scene showed Medina's right rear passenger tire came to rest on the sidewalk, and Dr. Eftekhar testified Medina drove on the sidewalk as he exited.
Based on the evidence presented, the jury could have found Medina sped through the parking lot and failed to stop or even sufficiently slow down at the parking lot exit. In addition, the jury could have found Medina failed to look both ways before exiting and partially drove on the sidewalk. This evidence is sufficient to establish that Medina's actions involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others. Therefore, the evidence is sufficient to support the jury's finding with regard to the first element.
C. Subjective Awareness and Conscious Indifference
The second element, "actual awareness," means that the defendant knew about the peril, but his acts or omissions demonstrated that he did not care. Lee Lewis Const., Inc. , 70 S.W.3d at 785. "In examining proof of the subjective component, courts focus on the defendant's state of mind, examining whether the defendant knew about the peril caused by his conduct but acted in a way that demonstrates he did not care about the consequences to others." Reeder , 395 S.W.3d at 796.
In addition to the evidence previously mentioned, Medina admitted to the investigating officers at the scene of the accident that he only looked to his left and accelerated as he exited. When his statement was subsequently taken, however, Medina stated he stopped at the exit and looked both ways. He also made this same statement in interrogatories. In his deposition, however, and at trial, Medina admitted he lied in his statement and in his interrogatory.
The changes in Medina's statements demonstrate Medina knew that his failure to look both ways created a peril. In addition, the evidence established Medina had previously been warned about his speeding and reckless driving on campus. The jury could have found Medina's decision not to stop at the parking lot exit and not to look to his right demonstrated he did not care about the consequences to others. Having reviewed the record as a whole, we hold the evidence is legally sufficient to support the jury's gross negligence finding.[2]
*66 RULE 215.4(B) AWARD OF ATTORNEY'S FEES AND EXPENSES
In his second and third issues, Medina contends the trial court erred in granting Zuniga's motion requesting attorney's fees and expenses pursuant to Texas Rule of Civil Procedure 215.4(b) based on Medina's denial of certain requests for admission. Medina first asserts Zuniga waived her right to attorney's fees and expenses under Rule 215.4(b) by failing to file her motion before trial. Medina next contends he established he had a reasonable ground to believe he might prevail in showing he was not negligent. Finally, Medina contends the attorney's fees and expenses were not solely related to the requests for admission he denied because Zuniga would have been required to present the same evidence in order to prove his gross negligence.
A. Rule 215.4(b) and the Requests for Admission
Rule 215.4(b) provides:
If a party fails to admit the genuineness of any document or the truth of any matter as requested under Rule 198 and if the party requesting the admissions thereafter proves the genuineness of the document or the truth of the matter, he may apply to the court for an order requiring the other party to pay him the reasonable expenses incurred in making that proof, including reasonable attorney fees. The court shall make the order unless it finds that (1) the request was held objectionable pursuant to Rule 193, or (2) the admission sought was of no substantial importance, or (3) the party failing to admit had a reasonable ground to believe that he might prevail on the matter, or (4) there was other good reason for the failure to admit.
We review a trial court's award of sanctions under Rule 215.4(b) under an abuse of discretion standard. Peralta v. Durham , 133 S.W.3d 339, 341 (Tex. App.-Dallas 2004, no pet.).
During discovery, Zuniga served Medina with requests for admissions. Medina denied the requests which asked him to admit or deny whether his negligence was the proximate cause of the occurrence. At the conclusion of the evidence in the portion of the trial involving Zuniga's claims against Medina for negligence and gross negligence, the trial court granted a directed verdict as to Medina's liability for negligence. The issues of damages and gross negligence were then submitted to the jury.
After the jury returned its verdict, Zuniga moved to recover various expenses contending she was forced to try her negligence claim to the jury because Medina refused to admit his fault in response to the requests for admissions. Specifically, Zuniga sought to recover the following: (1) costs of report, deposition, and trial testimony of Zuniga's accident reconstructionist; (2) costs of the deposition and trial testimony of the investigating officer who compiled the police report; and (3) costs of Medina's deposition and trial testimony.
B. Waiver
Medina first contends Zuniga waived her right to attorney's fees and expenses under Rule 215.4(b) by failing to file her motion before trial.
The Texas Supreme Court has recognized that the failure to obtain a pretrial ruling on discovery disputes that exist before the commencement of trial constitutes a waiver of any claim for sanctions based on that conduct.
*67 Remington Arms Co. v. Caldwell , 850 S.W.2d 167, 170 (Tex. 1993). If, however, "pretrial discovery abuse is not revealed until after trial has begun, or even after trial, a party cannot be said to have waived a claim for sanctions." Id.
In Meyer v. Cathey , 167 S.W.3d 327 (Tex. 2005), the Texas Supreme Court explored the concept of waiver in the context of Rule 215.4(b). In Meyer , John Cathey sued Larry Meyer for fraud and breach of fiduciary duty. 167 S.W.3d at 329. Prior to their business arrangement, Cathey provided Meyer a resume. Id. at 332. In his response to Meyer's request for admissions, Cathey maintained the resume's content was accurate. Id. "Thereafter, Meyer sought out and deposed several individuals whose testimony contradicted the assertions made in Cathey's resume." Id. Finally, at trial, Cathey admitted that his resume contained numerous inaccuracies and that he lied when questioned about the resume in his deposition. Id. After trial, Meyer moved for sanctions pursuant to rule 215.4(b). Id.
The court held Meyer waived any entitlement to sanctions under rule 215.4(b) by waiting until after trial to file his motion, holding "waiver bars a trial court from awarding posttrial sanctions based on pretrial conduct of which a party 'was aware' before trial; lack of 'conclusive evidence' is not an excuse." Id. at 333. "Here, Meyer was clearly aware of Cathey's discovery misconduct before trial: he obtained pretrial deposition testimony that directly contradicted Cathey's deposition testimony and other discovery responses." Id. Therefore, the court held Meyer waived his sanctions claim by failing to raise it prior to trial. Id.
In this case, although Medina admitted in his deposition that he lied about looking both ways, his theory was that the school was partially at fault for failing to have a stop sign located at the parking lot exit. In addition, Medina testified at trial that Zuniga had some responsibility for the accident because he contended Zuniga was in the roadway. This is not a case in which Medina stipulated his liability before trial. McGowen v. Lewis , No. 01-07-01095-CV, 2010 WL 1729331, at *3-4 (Tex. App.-Houston [1st Dist.] Apr. 29, 2010, no pet.) (mem. op.) (holding plaintiff waived sanctions under Rule 215.4(b) where defendant stipulated to liability for collision before trial but plaintiff waited until after trial to move for sanctions). Instead, Medina only disclosed his intent not to challenge his liability for negligence in his attorney's opening statement, and it was only after all of the evidence was presented that the trial court determined Zuniga was entitled to a directed verdict. Because the record does not establish that Zuniga "was clearly aware of [Medina's] discovery misconduct before trial," we hold she did not waive her sanctions claim by filing her motion after the trial concluded.
C. Award
Medina next contends the trial court abused its discretion in awarding the sanctions because he had a reasonable ground to believe he might prevail at trial or, alternatively, he had other good reason for his failure to admit. This contention is in direct contradiction to the following statement made by Medina's attorney during opening argument:
Everyone in this courtroom believes that Ms. Zuniga should be compensated for her injuries as a result of this accident. Nobody is saying she shouldn't be. The reason we are having this trial is because she wants too much money. Not just for the real injuries she sustained in the accident, but also because on top of being compensated for her real injuries in the accident she wants additional *68 money to punish Chris Medina. That's in addition to being compensated for her injuries and her damages. That's why we don't have a choice except to come in here and have this trial.
In view of this statement, we cannot hold the trial court abused its discretion in granting Zuniga's motion.
D. Reasonable Expenses in Proving Liability for Negligence
In his final issue, Medina contends the trial court erred in determining the amount of expenses Zuniga should be awarded because the trial court awarded expenses for testimony that Zuniga would have been required to obtain and present in order to prove her gross negligence claim. We agree with this contention.
As previously noted, Rule 215.4(b) allows a party to recover the reasonable expenses he incurs in proving the truth of a matter the other party refused to admit in requests for admission. TEX. R. CIV. P. 215.4(b). In her motion, Zuniga sought to recover the expenses she incurred based on Medina's failure to admit he was negligent, not his failure to admit he was grossly negligent. One of the witnesses for whom Zuniga sought to recover costs and expenses was her accident reconstructionist, Dr. Jahan Eftekhar. However, Dr. Eftekhar's testimony regarding Medina's speed and the location of Medina's truck when he exited was also necessary to prove Zuniga's gross negligence claim. Similarly, Medina's deposition testimony regarding his actions and his admission to lying in his statement and interrogatory were also important in proving the subjective awareness element of Zuniga's gross negligence claim.
Zuniga argues her attorneys segregated their fees; however, the pages of the record Zuniga cites in support of this argument relate to the trial court's instruction for the attorneys to segregate the portion of their fees attributable to their deposing and questioning the various witnesses. This instruction did not require the attorneys to segregate the amount of time spent by the witnesses and the attorneys establishing Zuniga's negligence claim as opposed to her gross negligence claim. Because the trial court's award did not segregate the expenses Zuniga incurred in proving her negligence claim from the expenses she incurred in proving her gross negligence claim, we sustain Medina's third issue and remand the cause for the trial court to reconsider the amount of the sanctions awarded. See Tony Gullo Motors I, L.P. v. Chapa , 212 S.W.3d 299, 314 (Tex. 2006) (noting unsegregated award requires a remand).
SEPARATE TRIALS
In her appeal, Zuniga contends the trial court erred in ordering separate trials on her claims against Medina and her negligent entrustment claim against Medina's parents. A brief is required to "contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i).
The only law cited in Zuniga's brief regarding this issue addresses a prevailing party's ability to elect the greatest recovery when the party prevails on alternative theories of recovery. Zuniga does not cite any law regarding the standard governing a trial court's ruling on a motion for separate trials or the factors the trial court must consider in ruling on such a request. See Bolling v. Farmers Branch Indep. Sch. Dist. , 315 S.W.3d 893, 896 (Tex. App.-Dallas 2010, no pet.) ("References to legal authority that have nothing to do with the issue to be decided are contrary to the requirement of rule 38.1(i)."); Niera v. Frost Nat'l Bank , No. 04-09-00224-CV, 2010 WL 816191, at *3 (Tex. App.-San Antonio Mar. 10, 2010, pet. denied) (mem. op.) ("The appellate court has no duty to brief issues for an appellant.").
*69 Zuniga concludes "a new trial would be appropriate if this Court is inclined to reverse on the issues of gross negligence or attorney's fees and costs." Zuniga does not, however, challenge the jury's findings in either phase of the trial. Nor does Zuniga explain the reason a new trial would be appropriate if this court affirmed the trial court's judgment but reversed the trial court's order granting Zuniga's post-verdict motion for sanctions under Rule 215.4(b). Because Zuniga's brief does not comply with Rule 38.1, she has waived her complaint regarding the trial court ordering separate trials. Niera , 2010 WL 816191, at *3 (noting failure to provide substantive analysis waives an appellate issue).
CONCLUSION
The trial court's judgment is affirmed. The trial court's order on Plaintiff's Motion Pursuant to TEX. R. CIV. P. 215.4(b) for Attorney's Fees and Expenses for Failure to Admit is reversed, and the cause is remanded to the trial court for further proceedings on that motion.

In his brief, Medina argues the facts in the instant case are similar to the facts in Terry v. Garcia , 800 S.W.2d 854 (Tex. App.-San Antonio 1990, writ denied). We disagree. In Terry , the defendant drove through a red light and collided with the plaintiff's vehicle. 800 S.W.2d at 855. On appeal, the defendant argued the evidence was insufficient to support the jury's gross negligence finding. Id. at 856. The plaintiff argued the evidence showed the defendant was consciously indifferent because he was drinking, was fatigued, and was not wearing his glasses. Id. at 857. This court held the evidence was insufficient because there was no evidence presented to establish any of those allegations. Id. at 857-58.