

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-18-00899-CV

Jennifer L. **ZUNIGA**, Individually and as Judgment Creditor and on Behalf of Christopher J. Medina,
Appellant

v.

**FARMERS TEXAS COUNTY MUTUAL INSURANCE COMPANY**,
Appellee

From the 73rd Judicial District Court, Bexar County, Texas
Trial Court Nos. 2014CI11445 & 2016CI05219
Honorable Cathleen M. Stryker, Judge Presiding

Opinion by:     Rebeca C. Martinez, Justice
Dissenting Opinion by: Luz Elena D. Chapa, Justice

Sitting:        Rebeca C. Martinez, Justice
                Luz Elena D. Chapa, Justice
                Irene Rios, Justice

Delivered and Filed: September 25, 2019

MOTION TO DISMISS GRANTED; JUDGMENT VACATED; CASE DISMISSED

Christopher J. Medina struck appellant Jennifer L. Zuniga with his truck. Zuniga sued Medina for negligence and gross negligence, and a jury returned a verdict in Zuniga's favor. The trial court rendered a judgment awarding Zuniga $93,244.91 in actual damages and $75,000.00 in punitive damages. Medina appealed the jury's finding that he was grossly negligent, and we determined there was sufficient evidence in the record to support the finding. *See Zuniga v. Medina*, 565 S.W.3d 61, 65 (Tex. App.—San Antonio 2017), *rev'd*, No. 17-0498, 2019 WL

1868012 (Tex. Apr. 26, 2019). Recently, the Texas Supreme Court reversed and held the evidence to be legally insufficient to support the gross-negligence finding. *See Medina v. Zuniga*, No. 17-0498, 2019 WL 1868012, at *8 (Tex. Apr. 26, 2019). The supreme court reversed our judgment affirming the award of punitive damages and rendered judgment that Zuniga take nothing on her gross-negligence claim. *See id.* On June 11, 2019, the supreme court issued its mandate.

Medina was insured by appellee Farmers Texas County Mutual Insurance Company ("Farmers"). Farmers paid Zuniga the entire judgment amount Medina owed Zuniga, except for the $75,000 in punitive damages. Farmers sued Zuniga seeking a declaration that Farmers' insurance policy with Medina did not cover punitive damages. Zuniga sued Farmers seeking to recover the punitive damages and asserting breach of contract and extracontractual claims. The trial court consolidated Farmers' lawsuit against Zuniga and Zuniga's lawsuit against Farmers. This is the case now on appeal. The parties filed motions for summary judgment, and the trial court granted Zuniga's motion insofar as it sought a determination that Farmers' policy with Medina covered the punitive damages award. The trial court severed and abated Zuniga's breach of contract and extracontractual claims, pending final disposition of the coverage issue. Farmers appealed, and we determined in Cause No. 04-16-00773-CV that Farmers' policy with Medina did not cover punitive damages. *See Farmers Tex. Cty. Mut. Ins. Co. v. Zuniga*, 548 S.W.3d 646, 648 (Tex. App.—San Antonio 2017, no pet.). We noted in our opinion: "[A]fter all other issues and claims were severed, the parties narrowed their dispute in this cause to a single issue: whether the insurance policy that promises to 'pay damages for bodily injury or property damage' covers punitive damages assessed against Farmers's insured." *Id.* We remanded for further proceedings consistent with the opinion. *Id.* at 656.

On remand, Farmers moved for summary judgment on the coverage issue. The trial court granted Farmers' motion and rendered a final judgment declaring Farmers' insurance policy with

Medina does not cover punitive damages. The trial court further declared that Farmers has fully satisfied its duty to defend and indemnify Medina for the final judgment in the underlying auto-pedestrian case between Zuniga and Medina.[1] Zuniga timely appealed.

On June 20, 2019, Farmers moved to dismiss the instant appeal as moot in light of the recent supreme court opinion and mandate in the underlying auto-pedestrian case. *See Medina*, 2019 WL 1868012, at *8. Farmers argues that, because the supreme court reversed and rendered that Zuniga take nothing on her gross-negligence claim, which was the only basis for punitive damages, Zuniga's instant appeal is moot. Zuniga did not respond within ten days, and we issued an order inviting Zuniga to file a response. *See* TEX. R. APP. P. 10.3 (providing an appellate court should not hear or determine a motion until ten days after the motion was filed unless an exception is met). Zuniga thereafter filed a document entitled "Appellant Response to Motion to Dismiss," arguing that, because this cause is moot, we should dismiss the appeal and "vacate all previous trial court judgments" and "vacate the appellate court's opinion."[2] Farmers filed a reply, arguing we should only dismiss the instant appeal and should not vacate the trial court's final judgment or our previous opinion in which we determined that the insurance policy at issue did not include coverage for punitive damages. *See Zuniga*, 548 S.W.3d at 648. Neither party asserted or argued that the severed cause, which contains Zuniga's additional claims, has any bearing on mootness in the instant appeal.

---

[1] The trial court noted all of Zuniga's other claims had been severed into a separate cause, which made the court's order a final, appealable judgment.

[2] Zuniga also filed a "Motion for Extension of Time to File Appellant's Motion to Dismiss," but Zuniga did not file any document entitled "Motion to Dismiss." We construe Zuniga's motion as a request for an extension of time for her to respond to Farmers' motion to dismiss for want of jurisdiction. Without the extension, Zuniga's response is a day late. We GRANT Zuniga's motion as construed and consider Zuniga's response timely filed. We do not consider whether Zuniga's "Appellant Response to Motion to Dismiss" is a motion to dismiss because, even if it is, it is moot upon our granting Farmers' motion to dismiss.

In light of the foregoing, it appears uncontested that the case is moot.[3] Accordingly, we grant Farmers' motion and dismiss this appeal as moot. *See Nat'l Collegiate Athletic Ass'n v. Jones*, 1 S.W.3d 83, 86 (Tex. 1999) ("Appellate courts are prohibited from deciding moot controversies.").

The question remains, however, whether we must vacate the trial court's judgment and our judgment and opinion in the prior appeal, Cause No. 04-16-00773-CV. The Texas Supreme Court has consistently required: "When a cause becomes moot on appeal, all previous orders and judgments should be set aside and the cause, not merely the appeal, dismissed." *Freeman v. Burrows*, 171 S.W.2d 863, 863 (Tex. 1943). In 1972, the supreme court noted, "This has been the course of action followed by this Court in a moot case for at least 94 years." *Carrillo v. State*, 480 S.W.2d 612, 619 (Tex. 1972) (Calvert, C.J., concurring). In recent years, the supreme court has affirmed that vacatur remains the proper course of action. *See Glassdoor, Inc. v. Andra Grp., LP*, 575 S.W.3d 523, 527 (Tex. 2019) ("If a case becomes moot, the court must vacate all previously issued orders and judgments and dismiss the case for want of jurisdiction."); *City of Krum, Tex. v. Rice*, 543 S.W.3d 747, 750 (Tex. 2017) (per curiam) (vacating the judgments of the court of appeals and the trial court, and dismissing a moot case for lack of jurisdiction).

This rule to vacate prior judgments when a cause becomes moot is not universal. In federal court, vacatur is an "equitable remedy whose availability depends principally on the extent to which the mootness is attributable to the party seeking relief from the judgment." *Tex. Quarter Horse Ass'n v. Am. Legion Dep't of Tex.*, 496 S.W.3d 175, 182 n.34 (Tex. App.—Austin 2016, no pet.) (citing *U.S. Bancorp Mortg. Co. v. Bonner Mall P'ship*, 513 U.S. 18, 22–29 (1994)). The

---

[3] The dissent notes that sometimes one issue in a case can become moot, but not the whole case, if the case has multiple issues. However, the instant appeal is not a multi-issue case. As we noted in our prior opinion, this case has been narrowed to a single issue. *See Zuniga*, 548 S.W.3d at 648. That issue is moot, and, accordingly, the entire cause is moot. *See infra* note 4.

Texas Supreme Court, however, has not adopted the federal approach. *See id.*; *see also Speer v. Presbyterian Children's Home & Serv. Agency*, 847 S.W.2d 227, 227–30 (Tex. 1993) (vacating lower-court judgments in an appeal held to be mooted by litigants' voluntary actions). We have applied the Texas approach, as we must, to vacate judgments but have carved out an exception to the general rule requiring vacatur "when the parties have bargained for and agreed upon a full and final settlement, but wish to leave the trial court's judgment intact as a bar to relitigation or . . . as a means to redress a breach of the settlement agreement." *Caballero v. Heart of Tex. Pizza, L.L.C.*, 70 S.W.3d 180, 181 (Tex. App.—San Antonio 2001, no pet.) (per curiam). This exception, however, does not apply to the instant case because there is no settlement. The Third Court of Appeals has found an exception for cases where the precise jurisdictional defect is "a lack of appellate standing." *Tex. Quarter Horse Ass'n*, 496 S.W.3d at 181–85 (dismissing the appeal, without vacating the trial court judgment, upon determining that the appellants lacked standing to bring their appeal). Zuniga's standing to appeal is not at issue here, and Farmers does not assert that it is.

Because the Texas Supreme Court has consistently required vacatur for moot cases and because no exception applies, we must vacate the trial court's judgment. *See Glassdoor*, 575 S.W.3d at 527; *Carrillo*, 480 S.W.2d at 619; *Tex. Quarter Horse Ass'n*, 496 S.W.3d at 181–85; *Caballero*, 70 S.W.3d at 181; *see also City of Krum*, 543 S.W.3d at 750 (holding claims had been rendered moot by changes in the law and vacating lower-courts' judgments).[4]

---

[4] In its final judgment, the trial court declared: (1) the insurance policy does not cover punitive damages, (2) Zuniga is not entitled to collect any more money from Farmers, and (3) Farmers has fully satisfied its duty to defend and indemnify Medina. We vacate the entire judgment because, in this appeal, Zuniga sought reversal of the entire judgment and because Zuniga's appellate issues, all of which regard whether Farmers was required to pay punitive damages, necessarily challenge all three declarations. Farmers asserts it is entitled to the preclusive effects of the latter two declarations, but Farmers has not provided any authority showing that we may vacate a judgment in part in a case that has become moot. Farmers cites only Rule 42.3(f) of the Texas Rules of Appellate Procedure, which authorizes us to dismiss an appeal. While Rule 42.3(f) authorizes us to dismiss an appeal, Rule 42.3(e) authorizes us

We do not, however, vacate our opinion and judgment in the prior appeal, Cause No. 04-16-00773-CV, because we lost plenary power over that appeal in 2017, and we have no authority to alter the opinion and judgment under Rule 19.3 or Rule 43.2 of the Texas Rules of Appellate Procedure.  *See* TEX. R. APP. P. 19.1, 19.3, 43.2.

## CONCLUSION

Because Zuniga's appeal is moot, we grant Farmers' motion to dismiss, vacate the trial court's judgment, and dismiss this case for want of jurisdiction.

PER CURIAM

---

to vacate the trial court's judgment and dismiss the case, which we must do when a cause becomes moot under applicable precedent.  *See* TEX. R. APP. P. 42.3(e); *Glassdoor*, 575 S.W.3d at 527.